UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff(s),<br><br>  v.<br><br>CLARENCE MOSES WILLIS, et al.,<br><br>    Defendant(s). | Case No. 2:15-CV-2366 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Ernest Aldridge's motion to dismiss. (ECF No. 47). Plaintiff Federal National Mortgage Association ("Fannie Mae" or "plaintiff") has filed a response (ECF No. 54), to which defendant Aldridge replied (ECF No. 60).

Also before the court are defendant Clarence Willis's motions to reconsider. (ECF Nos. 66, 78). Plaintiff filed responses (ECF Nos. 69, 79), to which defendant Willis replied (ECF No. 70).

Also before the court is defendant Aldridge's motion to reconsider. (ECF No. 74). Plaintiff filed a response (ECF No. 76).

Also before the court are plaintiff's motions for entry of clerk's default as to defendant Willis (ECF No. 80) and as to defendants Creative Solutions 4 U, LLC ("CS4U") and Geri McKinnon (ECF No. 90). Defendant Willis filed a response (ECF No. 87), to which plaintiff replied (ECF No. 97).

Also before the court are defendant Aldridge's motion to dismiss for failure to disclose and for abuse of process (ECF No. 81) and motion for hearing and oral argument (ECF No. 82). Plaintiff filed responses. (ECF Nos. 100, 101).

**James C. Mahan**
**U.S. District Judge**

Also before the court is defendant Aldridge's motion for sanctions. (ECF No. 83). Plaintiff filed a response. (ECF No. 102).

Also before the court is defendant Willis's motion to expunge *lis pendens*. (ECF No. 92). Plaintiff filed a response. (ECF No. 109).

**I.     Facts & Background**

Plaintiff owns the following eight (8) real properties: 230 Flint Street, Fernley, Nevada 89408 (APN No. 020-323-06) (the "Flint property"); 330 Garden Lane, Fernley Nevada 89408 (APN No. 020-729-15) (the "Garden property"); 5373 Homeria Street, Las Vegas, Nevada 89113 (APN No. 163-28-720-01) (the "Homeria property"); 7240 Mountain Moss Drive, Las Vegas, Nevada 89147 (APN No. 163-15-710-093) (the "Mountain Moss property"); 7116 Cornflower Drive, Las Vegas, Nevada 89128 (APN No. 138-27-515-029) (the "Cornflower property"); 2523 Palma Vista Avenue, Las Vegas, Nevada 89121 (APN No. 162-12-310-045) (the "Palma Vista property"); 4912 Canadian Drive, Las Vegas, Nevada 89130 (APN No. 125-36-814-012) (the "Canadian property"); and 5654 Thunder Spirit Street, Las Vegas, Nevada 89148 (APN No. 163-30-816-006) (the "Thunder Spirit property") (collectively, as the "subject properties"). (ECF No. 41 at 5–14).

Plaintiff alleges that over the course of several months, defendants have engaged in a conspiracy to defraud plaintiff of its interest in these eight (8) Nevada properties. Plaintiff further asserts that defendants, without any legal right or authorization by plaintiff, prepared, executed, and recorded deeds purporting to transfer title from plaintiff to defendants.

It appears that defendants executed all eight (8) schemes using substantially similar patterns. Fannie Mae acquired its ownership interest in a subject property pursuant to a trustee's deed upon sale recorded in the official records for the appropriate county. Then, defendant Aldridge would record and subsequently re-record a quitclaim deed. For each property, plaintiff would purportedly deed the property to defendant Aldridge for the amount of $10.00. Defendant Willis would then sign the quitclaim deed as purported authorized agent for Fannie Mae. The quitclaim deeds would list plaintiff's mailing address as 4912 Canadian Drive, Las Vegas, Nevada 89130.

James C. Mahan
U.S. District Judge

- 2 -

Plaintiff asserts that defendant Willis is not, nor has ever been, an employee of Fannie Mae and is not an agent or authorized representative of plaintiff in any capacity. Moreover, 4912 Canadian Drive, Las Vegas, Nevada 89130 is not plaintiff's mailing address. Plaintiff further claims that it never authorized defendant Aldridge to prepare, execute, or record any quitclaim deed, nor did plaintiff authorize defendant Willis to prepare, execute, or record any quitclaim deed on its behalf.

Four (4) of the properties, as detailed fully in plaintiff's motions for TRO and preliminary injunction, have had a grant, bargain, sale deed recorded in the records of Clark or Lyons County. (ECF No. 17). "Pastor Ernest C. Aldridge and his successor, a corporate sole," has purportedly deeded each of these properties to one of defendants McKinnon, CS4U, or Willis for $10.00.

On January 13, 2016, the court granted plaintiff's *ex parte* motion for a TRO. (ECF No.19). On January 26, 2016, the court granted plaintiff's motion for preliminary injunction. (ECF No. 32).

On February 3, 2016, defendant Aldridge filed a 12(b) motion to dismiss. (ECF No. 34). On February 25, 2016, plaintiff filed an amended complaint, which contained no changes to parties. (ECF No. 41). The amended complaint alleges nineteen (19) causes of action against the various defendants. (ECF No. 41). On March 14, 2016, defendant Aldridge filed a motion to dismiss plaintiff's amended complaint. (ECF No. 47).

Thereafter, defendant Willis filed a motion to strike plaintiff's amended complaint (ECF No. 46), which the court denied on April 13, 2016 (ECF No. 61). In response to the order, defendant Willis filed a motion to reconsider the court's denial. (ECF No. 66).

On August 17, 2016, plaintiff filed a motion for entry of clerk's default against defendant Willis. (ECF No. 80). Then, on August 25, 2016, plaintiff filed a motion for entry of clerk's default against defendants CS4U and McKinnon. (ECF No. 90).

On August 19, 2016, defendant Aldridge filed a motion to dismiss for failure to disclose and for abuse of process (ECF No. 81), a motion for hearing (ECF No. 82), and a motion for sanctions (ECF No. 83).

**James C. Mahan**
**U.S. District Judge**

On August 29, 2016, defendant Willis filed a motion to expunge *lis pendens*. (ECF No. 92).

**II. Discussion**

    **A. Motions to dismiss** (ECF No. 47)

In his motion to dismiss, defendant Aldridge seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) through (6), but fails to provide a memorandum of points and authorities in support thereof. (ECF No. 47). In fact, the motion is devoid of any citation to authority, with the limited exception of one citation to 28 U.S.C. § 1391(b)(3).

Under the local rules, failure to provide a memorandum of points and authorities constitutes consent to the denial of the motion. *See* LR 7-2(a), (d). Therefore, defendant Aldridge has consented to the denial of his motion by failing to provide a memorandum of points and authorities in support.

Nonetheless, the court finds it appropriate to consider the merits of the motion as it relates to subject matter jurisdiction because parties cannot waive or consent to subject matter jurisdiction and as it relates to the waivable defenses listed in Rule 12(b)(2) through (5). *See* Fed. R. Civ. P. 12(h)(1).

        **1. Subject matter jurisdiction**

Defendant Aldridge argues that the court has no jurisdiction because the subject matter of the complaint is real property in Nevada and real property title determinations are state court issues. (ECF No. 47 at 2). Although no completely wrong, defendant Aldridge's argument fails because it misinterprets subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

**James C. Mahan**
**U.S. District Judge**

1    Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or
2    action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the
3    complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject
4    matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d
5    981, 984–85 (9th Cir. 2008).

6    Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is
7    the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving
8    that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264
9    F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178,
10   189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is
11   essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect
12   called to its attention or on discovering the same, must dismiss the case, unless the defect be
13   corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

14   In its response, plaintiff asserts that the court has federal question jurisdiction pursuant to
15   28 U.S.C. § 1331 by plaintiff's charter under 28 U.S.C. § 1723a(e) and the Racketeer Influenced
16   and Corrupt Organizations Act ("RICO"). (ECF No. 54 at 9). Further, plaintiff maintains that this
17   court may exercise supplemental jurisdiction over its state law claims as they form the same case
18   or controversy as the federal claims. (ECF No. 54 at 4).

19   Cause of action seventeen (17) of plaintiff's amended complaint alleges a violation of §
20   1723a(e) as to defendant Willis. (ECF No. 41 at 39–40). Subsection (e) of 28 U.S.C. § 1723a
21   provides as follows:

> No individual, association, partnership, or corporation, except the bodies corporate named in section 1717(a)(2) of this title, shall hereafter use the words "Federal National Mortgage Association," "Government National Mortgage Association," or any combination of such words, as the name or a part thereof under which the individual, association, partnership, or corporation shall do business. Violations of the foregoing sentence may be enjoined by any court of general jurisdiction at the suit of the proper body corporate.

26   28 U.S.C. § 1723a(e).

27   Moreover, in *Lightfoot v. Cendant Mortgage Corp.*, the Ninth Circuit held that "the
28   sue-and-be-sued clause in Fannie Mae's federal charter confers federal question

**James C. Mahan
U.S. District Judge**

- 5 -

1  jurisdiction over suits in which Fannie Mae is a party." 769 F.3d 681, 690 (9th Cir. 2014),
2  *cert. granted*, 136 S. Ct. 2536 (2016).
3  Cause of action nineteen (19) of plaintiff's amended complaint alleges RICO violations as
4  to all defendants. (ECF No. 41 at 42–45). Subsection (c) of 18 U.S.C. § 1964 states that "[a]ny
5  person injured in his business or property by reason of a violation of section 1962 of this chapter
6  may sue therefor in any appropriate United States district court." 18 U.S.C. § 1964(c).
7  In light of the foregoing, plaintiff has met its burden to overcome the motion to dismiss by
8  showing this matter is properly in federal court. Accordingly, defendant Aldridge's motion to
9  dismiss will be denied as it relates to lack of subject matter jurisdiction.

### 2. Personal jurisdiction

11  Without any support, defendant Aldridge asserts that "[f]ederal jurisdiction cannot reach
12  Nevada citizens carrying on their private business within this State." (ECF No. 47 at 2). This is
13  incorrect.
14  The court has personal jurisdiction over defendant Aldridge *because* he is a resident of
15  Nevada. *See, e.g.*, *Daimler AG v. Bauman*, --- U.S. ----, 134 S. Ct. 746, 760–62 (2014) (holding
16  general jurisdiction exists where defendant is at "home" in the forum state); Nev. Rev. Stat. §
17  14.065. Moreover, defendant Aldridge concedes that he is a Nevada citizen. (ECF No. 47 at 3).
18  Thus, this court has personal jurisdiction over defendant Aldridge as he is a citizen of Nevada, the
19  forum state.
20  Accordingly, defendant Aldridge's motion to dismiss will be denied as it relates to lack of
21  personal jurisdiction.

### 3. Insufficient process and insufficient service of process

23  Defendant Aldridge's entire argument as to process and service of process is premised on
24  the unwarranted assumption that compliance is contingent on a document containing "the seal of
25  the court on its face." (ECF No. 47 at 3–4).
26  Defendant Aldridge provides no authority in support of his argument. Contrary to what he
27  might assume, defendant Aldridge was properly served with the summons and a copy of the
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

complaint. (ECF No. 20). Accordingly, defendant Aldridge's motion to dismiss will be denied as it relates to insufficient service and insufficient service of process.

### 4. Improper venue

In his motion, defendant Aldridge argues that 28 U.S.C. § 1391(b)(3) "requires that the named defendants be subject to this court's personal jurisdiction. They are not. The named defendants, all Nevada citizens, are not subject to this court's jurisdiction." (ECF No. 47 at 3).

As discussed above, the court has personal jurisdiction over defendant Aldridge because he is a citizen of Nevada. Thus, defendant Aldridge's argument inherently fails.

Further, § 1391(b)(1) provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). As defendant Aldridge asserts, all defendants are citizens of Nevada, rendering venue proper in the District of Nevada—*i.e.*, this court.

Based on the aforementioned, the court finds that defendant Aldridge consented to the dismissal of his motion to dismiss by failing to provide a memorandum of points and authorities in support. Nevertheless, the motion fails on its merits for the reasons set forth above.

### B. Motions to reconsider (ECF Nos. 66, 74, 78):

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments .

James C. Mahan
U.S. District Judge

- 7 -

. . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

### 1. Order (ECF No. 61) denying defendant Willis's motion to strike plaintiff's first amended complaint (ECF No. 46)

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave.

In *Foman v. Davis*, the Supreme Court explained: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" 371 U.S. 178, 182 (1962).

Moreover, Rule 15 provides that a party may amend its pleading once as a matter of course within twenty-one (21) days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). In computing time when the period is stated in days, as here, Rule 6 directs to exclude the day of the event that triggers the period. Fed. R. Civ. P. 6(a)(1)(A).

A Rule 12(b)(6) motion to dismiss was filed on February 3, 2016. (ECF No. 34). Plaintiff filed its amended complaint on February 25, 2016. (ECF No. 41). Excluding February 3, 2016, as the date triggering the period, the 21-day-period ends on February 24, 2016. In other words, an amendment filed on the February 25, 2016, is untimely under Rule 15(a)(1)(B).

While defendant Willis correctly points out that plaintiff's amended complaint (ECF No. 41) was untimely filed by one day, he fails to set forth a showing of any extraordinary circumstances that would justify relief under Rule 59(e) or Rule 60(b). *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263.

Further, defendant Willis fails to show or even argue that any of his substantial rights were affected. Rule 61 provides in relevant part:

> Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for . . . vacating, modifying, or otherwise disturbing a[n] . . . order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

James C. Mahan
U.S. District Judge

- 8 -

Fed. R. Civ. P. 61.  Nor does defendant Willis contend that leave to amend would otherwise be inappropriate.

In light of the foregoing, the court finds no extraordinary circumstances exist to justify reconsideration.  Defendant Willis has failed to show how the one day miscalculation has affected his substantial rights or that allowing the amendment of the complaint under the circumstances would result in undue prejudice.

Accordingly, the court will deny defendant Willis's motion to reconsider order (ECF No. 61) denying defendant Willis's motion to strike plaintiff's first amended complaint (ECF No. 46). (ECF No. 66).

### 2. Order (ECF No. 72) denying defendant Aldridge's motion to compel disclosure (ECF No. 68)

The court denied defendant Aldridge's motion to compel disclosure finding that he failed to satisfy the meet and confer requirements in Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-7(b).  (ECF No. 72 at 1).

In his motion, defendant Aldridge does not dispute this failure, but rather argues that the order dated May 31, 2016, "is inappropriate and prejudicial" to defendants.  (ECF No. 74).

In light of the foregoing, the court finds that defendant Aldridge has failed to show that reconsideration is appropriate because he has not presented any newly discovered evidence, shown clear error or unfairness, or set forth any intervening change in controlling law.  *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263; Fed. R. Civ. P. 60(b).  Accordingly, defendant Aldridge's motion to reconsider (ECF No. 74) will be denied.

### 3. Order (ECF No. 77) granting plaintiff's motion to quash subpoenas (ECF No. 71)

The court granted plaintiff's motion to quash subpoenas in finding that the information requested was irrelevant and harassing in nature and the information requested was more properly sought through Rule 34.  (ECF No. 77 at 2).

**James C. Mahan**
**U.S. District Judge**

In his motion, defendant Willis argues that the order is "erroneous [and] contrary to [Federal] Rule 45." (ECF No. 78). Defendant Willis seems to conclude that because plaintiff did not file a reply to his objection that the court did not consider the objection. (*See* ECF No. 78 at 1 ("the Magistrates ORDER is a 'rubber stamp' of Plaintiffs motion" [*sic*])). Moreover, defendant Willis appears to argue that plaintiff's failure to reply to his objection constitutes admittance. (ECF No. 78 at 3).

The court rejects defendant Willis's arguments. Nonetheless, the court will address the merits of defendant Willis's objection. In his objection to plaintiff's motion to strike, defendant Willis argues that service of the motion was untimely under Rule 5(b)(2)(C) because "the service was not prepaid resulting in a delay of service." (ECF No. 73 at 1). The rule cited does not support defendant Willis's contention. To the contrary, Rule 5(b)(2)(C) states "mailing it to the person's last known address—in which event service is complete upon mailing."

Based on the foregoing, the court finds that defendant Willis has failed to make the requisite showing to warrant reconsideration as he has not set forth any newly discovered evidence, shown clear error or unfairness, or identified any intervening change in controlling law. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263; Fed. R. Civ. P. 60(b). Accordingly, defendant Willis's motion to reconsider (ECF No. 78) will be denied.

**C. Motions for entry of clerk's default** (ECF Nos. 80, 90)**:**

Federal Rule of Civil Procedure 55(a) states as follows: "When a party against whom a judgment for affirmative relief is sought has ***failed to plead or otherwise defend***, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added).

**1. As to defendant Willis**

Plaintiff seeks an entry of clerk's default against defendant Willis pursuant to Rule 55(a) for filing a motion to reconsider rather than a responsive pleading within fourteen (14) days of the denial of the motion to strike. (ECF No. 80).

Here, as plaintiff acknowledges, defendant Willis filed an answer to plaintiff's original complaint and a motion to strike in response to plaintiff's first amended complaint, followed by a motion for reconsideration. Therefore, plaintiff has not shown defendant Willis "has failed to

**James C. Mahan**
**U.S. District Judge**

- 10 -

1  plead or otherwise defend." This is particularly true in light of the above discussion under
2  subsection (B)(1).
3        Accordingly, plaintiff's motion for entry of clerk's default against defendant Willis (ECF
4  No. 80) will be denied.

### 2. As to defendants Creative Solutions 4 U, LLC ("CS4U") & Geri McKinnon

6        Plaintiff requests an entry of clerk's default against defendants CS4U and McKinnon
7  pursuant to Rule 55(a). (ECF No. 90). In its affidavit, plaintiff attaches an email from David
8  Crosby, counsel for defendants CS4U and McKinnon, which states: "[a]s you know you have
9  allowed us not to answer the original [c]omplaint pending further discussion re settlement. Please
10 call me to reassure me that answer to the [a]mended [c]omplaint is not required at the present time
11 and that our negotiations continue . . . or not." (ECF No. 99 at 5).
12       In light of the foregoing, plaintiff has not shown defendants CS4U and McKinnon have
13 failed to please or otherwise defend. Moreover, plaintiff acknowledges that defendants CS4U and
14 McKinnon have filed a document (ECF No. 93) in an attempt to respond. (ECF No. 99 at 2).
15 Therefore, plaintiff's motion for entry of clerk's default against defendants CS4U and McKinnon
16 (ECF No. 90) will be denied.

### D. Motion to dismiss for failure to disclose and for abuse of process (ECF No. 81), motion for hearing and oral argument (ECF No. 82), and motion for sanctions (ECF No. 83)

20       As an initial matter, defendant Aldridge's motion for hearing and oral argument (ECF No.
21 82) regarding his motion to dismiss (ECF No. 81) was filed as a separate motion requesting a
22 hearing in violation of Local Rule 78-1, which states "[p]arties must not file separate motions
23 requesting a hearing." Accordingly, defendant's motion for hearing and oral argument (ECF No.
24 82) will be struck. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir.
25 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR
26 IC 7-1 ("The court may strike documents that do not comply with these rules.").
27       Defendant Aldridge's motion to dismiss (ECF No. 81) and motion for sanctions (ECF No.
28 83) are identical and entitled "motion to dismiss for failure to disclose and for abuse of process

**James C. Mahan**
**U.S. District Judge**

- 11 -

and for damages and sanctions." In his motion to dismiss, defendant Aldridge seeks, *inter alia*, dismissal with prejudice based on opposing counsel's "failure to disclose plaintiff's true character." (ECF No. 81 at 1). In his motion for sanctions, defendant Aldridge asserts that plaintiff's counsel has failed to comply with local and federal rules and argues that the court should exercise its discretion to dismiss the action. (ECF No. 83 at 5).

The court finds that defendant Aldridge has failed to provide a memorandum of points and authorities in support of his motion to dismiss (ECF No. 81) and his motion for sanctions (ECF No. 83). These failure constitute consent to the denial of the motions. *See* LR 7-2(a), (d). Further, the court finds that a hearing is not required. Therefore, defendant Aldridge's requests for oral argument and hearing in his motions are likewise denied.

Based on the foregoing, defendant Aldridge's motion to dismiss for failure to disclose and for abuse of process (ECF No. 81) and motion for sanctions (ECF No. 83) will be denied.

**E.  Motion to expunge *lis pendens* (ECF No. 92)**

Section 14.010(2) of the Nevada Revised Statutes states that "[a] notice of an action affecting real property, which is pending in any United States District Court for the District of Nevada may be recorded and indexed in the same manner and in the same place as provided with respect to actions pending in courts of this state." Nev. Rev. Stat. § 14.010(2).

A party recording a notice must establish that he is likely to prevail in the action or that it has a fair chance of success on the merits. Nev. Rev. Stat. § 14.015(3)(a), (b). The court must order cancellation of the *lis pendens* upon finding that the party who recorded it has failed to meet the requirements set forth in that section. Nev. Rev. Stat. § 14.015.

Defendant Willis's motion to expunge *lis pendens* involves property located at 5320 Holmby Avenue, Las Vegas, Nevada, 89146, APN No. 163-01-511-026 (the "Holmby property"). (ECF No. 92). Defendant Willis argues that plaintiff has failed to state a viable claim in its amended complaint regarding the Holmby property and cannot satisfy the elements of NRS 14.015. (ECF No. 92). The court agrees.

Plaintiff's amended complaint states claims for relief relating to its ownership of eight (8) properties, none of which is the Holmby property. (*See* ECF No. 41 at 1–3, 5–15). In its response,

plaintiff makes three references to "Holmby" in citations (ECF No. 109 at 4, 9) and attaches three exhibits purportedly involving the Holmby property (ECF Nos. 109-6, 109-16, 109-20). However, plaintiff's arguments do not appear to relate to the Holmby property, nor do the exhibits mention the Holmby property or APN number.

In light of the foregoing, the court finds that plaintiff has not shown a likelihood of success on the merits as related to the Holmby property, nor has it set forth any claims related to the Holmby property. Accordingly, expunction of the *lis pendens* is appropriate.

### III.   Conclusion

Based on the foregoing, the court denies defendant Aldridge's motions to dismiss (ECF Nos. 47, 81), motion to reconsider (ECF No. 74), and motion for sanctions (ECF No. 83). Moreover, the court strikes defendant Aldridge's motion for hearing and oral argument (ECF No. 82). Further, the court denies defendant Willis's motions to reconsider (ECF Nos. 66, 78), but grants his motion to expunge *lis pendens* (ECF No. 92). Furthermore, the court denies plaintiff's motions for entry of clerk's default (ECF Nos. 80, 90).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Aldridge's motions to dismiss (ECF Nos. 47, 81), motion to reconsider (ECF No. 74), motion for sanctions (ECF No. 83) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that defendant Aldridge's motion for hearing and oral arguments (ECF No. 82) be, and the same hereby is, STRICKEN from the record. The clerk shall strike ECF No. 82 from the record.

IT IS FURTHER ORDERED that defendant Willis's motions to reconsider (ECF Nos. 66, 78) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that defendant Willis's motion to expunge *lis pendens* (ECF No. 92) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the notice of pendency of action or *lis pendens* recorded by plaintiff in relation to this matter, instrument no. 20151228-0001607, as to certain parcel of real

**James C. Mahan**
**U.S. District Judge**

- 13 -

property located at 5320 Holmby Avenue, Las Vegas, Nevada, 89146, with APN No. 163-01-511-026, be EXPUNGED.

IT IS FURTHER ORDERED that plaintiff's motions for entry of clerk's default (ECF Nos. 80, 90) be, and the same hereby are, DENIED.

DATED September 21, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 14 -