UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:15-cv-02366-JCM-GWF |
| vs. | ) **ORDER** |
| CLARENCE MOSES WILLIS, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Motion to Strike Defendant McKinnon's Affidavit in Response to Plaintiff's Complaint (ECF No. 116), filed on September 22, 2016. To date, Defendant McKinnon has not filed an opposition to Plaintiff's motion and the time for response has now expired.

Plaintiff filed its Amended Complaint (ECF No. 41) against all defendants on February 25, 2016. Defendant McKinnon filed her Affidavit of fact in response to Plaintiff's Complaint (ECF No. 93) on August 30, 2016. Plaintiff requests that the Court strike Defendant McKinnon's Affidavit of fact in response to Plaintiff's Complaint. Plaintiff argues that Defendant's Affidavit is not a proper pleading pursuant to Rule 7(a) of the Federal Rules of Civil Procedure and fails to respond to the allegations set forth in Plaintiff's Amended Complaint. *Motion to Strike* (ECF No. 116), pg. 2-3.

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023. Striking material pursuant to Rule 12(f) is considered a "drastic remedy" that is "generally disfavored." *Nevada Fair Housing Center, Inc. V. Clark County*, 565 F. Supp.2d

1178 (D. Nev. 2008). Whether to grant a motion to strike lies within the sound discretion of the district court. *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013). Additionally, the Court may strike an improper filing under its "inherent power over the administration of its business." *Spurlock v. F.B.I*, 69 F.3d 1010, 1016 (9th Cir. 1995). Similar to Rule 12(f) motions to strike, striking material under the Court's inherent power is wholly discretionary. See *Almy v. Davis*, No. 2:12–cv–00129–JCM–VCF, 2014 WL 773813, at *4–5 (D.Nev. Feb. 25, 2014); *Jones v. Skolnik*, No. 3:10-cv-0016-LRH-VPC, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015).

Rule 7(a) of the Federal Rules of Civil Procedure states that only these types of pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Defendant McKinnon's Affidavit of Fact in response to Plaintiff's Complaint (ECF No. 93) contains statements of fact regarding the case and settlement negotiations. However, Defendant McKinnon's Affidavit does not respond to Plaintiff's Complaint in compliance with the Federal Rules of Civil Procedure and is not considered a pleading allowed by Rule 7(a).

In addition, Local Rule 7-2(d) provides that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Defendant McKinnon did not file points and authorities in response to Plaintiff's instant motion to strike. Therefore, Defendant is considered to have consented to the granting of Plaintiff's motion under LR 7-2(d). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant McKinnon's Affidavit (ECF No. 116) is **granted**.

DATED this 14th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge