UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Plaintiff(s),<br><br>  v.<br><br>CLARENCE MOSES WILLIS, et al.,<br><br>        Defendant(s). | Case No. 2:15-CV-2366 JCM (GWF)<br><br>ORDER |

  Presently before the court are defendant Clarence Willis's motions to reconsider. (ECF Nos. 119, 120). Plaintiff Federal National Mortgage Association ("Fannie Mae" or "plaintiff") filed responses. (ECF Nos. 124, 126).

  Also before the court is defendant Willis's motion to dismiss for lack of subject matter jurisdiction. (ECF No. 121). Plaintiff filed a response. (ECF No. 129).

**I. Facts & Background**

  Plaintiff owns the following eight (8) real properties: 230 Flint Street, Fernley, Nevada 89408 (APN No. 020-323-06) (the "Flint property"); 330 Garden Lane, Fernley Nevada 89408 (APN No. 020-729-15) (the "Garden property"); 5373 Homeria Street, Las Vegas, Nevada 89113 (APN No. 163-28-720-01) (the "Homeria property"); 7240 Mountain Moss Drive, Las Vegas, Nevada 89147 (APN No. 163-15-710-093) (the "Mountain Moss property"); 7116 Cornflower Drive, Las Vegas, Nevada 89128 (APN No. 138-27-515-029) (the "Cornflower property"); 2523 Palma Vista Avenue, Las Vegas, Nevada 89121 (APN No. 162-12-310-045) (the "Palma Vista property"); 4912 Canadian Drive, Las Vegas, Nevada 89130 (APN No. 125-36-814-012) (the "Canadian property"); and 5654 Thunder Spirit Street, Las Vegas, Nevada 89148 (APN No. 163-

30-816-006) (the "Thunder Spirit property") (collectively, as the "subject properties"). (ECF No. 41 at 5–14).

Plaintiff alleges that over the course of several months, defendants have engaged in a conspiracy to defraud plaintiff of its interest in these eight (8) Nevada properties. Plaintiff further asserts that defendants, without any legal right or authorization by plaintiff, prepared, executed, and recorded deeds purporting to transfer title from plaintiff to defendants.

It appears that defendants executed all eight (8) schemes using substantially similar patterns. Fannie Mae acquired its ownership interest in a subject property pursuant to a trustee's deed upon sale recorded in the official records for the appropriate county. Then, defendant Aldridge would record and subsequently re-record a quitclaim deed. For each property, plaintiff would purportedly deed the property to defendant Aldridge for the amount of $10.00. Defendant Willis would then sign the quitclaim deed as purported authorized agent for Fannie Mae. The quitclaim deeds would list plaintiff's mailing address as 4912 Canadian Drive, Las Vegas, Nevada 89130.

Plaintiff asserts that defendant Willis is not, nor has ever been, an employee of Fannie Mae and is not an agent or authorized representative of plaintiff in any capacity. Moreover, 4912 Canadian Drive, Las Vegas, Nevada 89130 is not plaintiff's mailing address. Plaintiff further claims that it never authorized defendant Aldridge to prepare, execute, or record any quitclaim deed, nor did plaintiff authorize defendant Willis to prepare, execute, or record any quitclaim deed on its behalf.

Four (4) of the properties, as detailed fully in plaintiff's motions for TRO and preliminary injunction, have had a grant, bargain, sale deed recorded in the records of Clark or Lyons County. (ECF No. 17). "Pastor Ernest C. Aldridge and his successor, a corporate sole," have purportedly deeded each of these properties to one of defendants McKinnon, CS4U, or Willis for $10.00.

On January 13, 2016, the court granted plaintiff's *ex parte* motion for a TRO. (ECF No.19). On January 26, 2016, the court granted plaintiff's motion for preliminary injunction. (ECF No. 32).

**James C. Mahan**
**U.S. District Judge**

On February 3, 2016, defendant Aldridge filed a 12(b) motion to dismiss.  (ECF No. 34).  On February 25, 2016, plaintiff filed an amended complaint, which contained no changes to parties.  (ECF No. 41).  The amended complaint alleges nineteen (19) causes of action against the various defendants.  (ECF No. 41).  On March 14, 2016, defendant Aldridge filed a motion to dismiss plaintiff's amended complaint.  (ECF No. 47).

Thereafter, defendant Willis filed a motion to strike plaintiff's amended complaint (ECF No. 46), which the court denied on April 13, 2016 (ECF No. 61).  In response to the order, defendant Willis filed a motion to reconsider the court's denial.  (ECF No. 66).

On August 17, 2016, plaintiff filed a motion for entry of clerk's default against defendant Willis.  (ECF No. 80).  Then, on August 25, 2016, plaintiff filed a motion for entry of clerk's default against defendants CS4U and McKinnon.  (ECF No. 90).

On August 19, 2016, defendant Aldridge filed a motion to dismiss for failure to disclose and for abuse of process (ECF No. 81), a motion for hearing (ECF No. 82), and a motion for sanctions (ECF No. 83).

On August 29, 2016, defendant Willis filed a motion to expunge *lis pendens*.  (ECF No. 92).

On September 8, 2016, defendant Willis filed a motion to vacate a hearing schedule for September 13, 2016.  (ECF No. 103).  The next day, Willis filed an amended motion to vacate.  (ECF No. 104).

On September 13, 2016, the magistrate denied defendant Willis's motions to vacate.  (ECF No. 106).  The following day, the magistrate granted plaintiff's motion to extend discovery deadlines (ECF No. 85).  (ECF No. 107).

On September 21, 2016, the court entered an order denying defendant Aldridge's motions to dismiss (ECF Nos. 47, 81), motion to reconsider (ECF No. 74), and motion for sanctions (ECF No. 83) and striking Aldridge's motion for hearing and oral arguments (ECF No. 82).  (ECF No. 114).  The order also denied defendant Willis's motions to reconsider (ECF Nos. 66, 78) and granted Willis's motion to expunge *lis pendens* (ECF No. 92).  (ECF No. 114).  Further, the order denied plaintiff's motions for entry of clerk's default (ECF Nos. 80, 90).  (ECF No. 114).

James C. Mahan
U.S. District Judge

On September 27, 2016, defendant Willis moved for reconsideration of the magistrate's order (ECF No. 106) denying his motions to vacate (ECF Nos.103, 104). (ECF No. 119). Two days later, Willis moved for reconsideration of the magistrate's order (ECF No. 107) granting plaintiff's motion to extend discovery deadlines (ECF No. 85). (ECF No. 120).

On October 3, 2016, defendant Willis filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 121).

## II.   Legal Standards

### A.   Reconsideration

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

### B.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

James C. Mahan
U.S. District Judge

- 4 -

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

### III.   Discussion

#### A.  Motions to Reconsider (ECF Nos. 119, 120)

Defendant Willis argues that the magistrate erred in denying his motions to vacate (ECF Nos. 103, 104) the hearing scheduled for September 13, 2016. (ECF No. 119). In particular, Willis asserts that on August 31, 2016, the court entered an order that improperly rescheduled a hearing that was set for September 12, 2016, to September 13, 2016. (ECF No. 119). Citing to Federal Rule of Civil Procedure 6, Willis contends that the court failed to provide him the required 14-day notice.

The court disagrees. Rule 6 provides that in general, "a notice of hearing must be served at least 14 days before the time specified for the hearing." Fed. R. Civ. P. 6(c)(1). Importantly, Rule 6 sets forth an exception for "when a court order . . . sets a different time." Fed. R. Civ. P. 6(c)(1)(C). As the hearing was rescheduled pursuant to a court order, the exception controls and 14-day notice was not required.

Accordingly, defendant Willis's motion (ECF No. 119) will be denied.

**James C. Mahan**
**U.S. District Judge**

- 5 -

In his other motion to reconsider, defendant Willis moves for reconsideration of the magistrate's order (ECF No. 107) granting plaintiff's motion to extend discovery deadlines (ECF No. 85). (ECF No. 120). In support, Willis again cites to Rule 6(c)(1), making the same arguments he set forth in his other motion to reconsider (ECF No. 119). (ECF No. 120).

As previously discussed, Rule 6(c) governs motions, notices of hearings, and affidavits. *See* Fed. R. Civ. P. 6(c). The underlying order that Willis's motion disputes dealt with discovery deadlines, which is not governed by Rule 6(c). Accordingly, as Willis's motion fails to set forth any basis in law or fact that warrants reconsideration, his motion (ECF No. 120) will be denied.

**B. Subject Matter Jurisdiction** (ECF No. 121)

Before the deadline to file responses had passed, defendant Willis filed two proposed orders, claiming plaintiff failed to file a response to his motion to dismiss. (ECF Nos. 128, 130). Plaintiff, however, timely filed a response to Willis's motion to dismiss. (ECF No. 129). Therefore, Willis's proposed orders (ECF Nos. 128, 130) will be stricken from the record. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency).

In his motion, Willis moves for dismissal with prejudice, arguing that the court lacks subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331. (ECF No. 121).

In its previous order dated September 21, 2016, the court held that it had subject matter jurisdiction over the case. (ECF No. 114). Since the entry of that order, no changes have occurred that would otherwise divest the court of subject matter jurisdiction. Therefore, for the reasons set forth in that order, the court will deny defendant Willis's motion to dismiss for lack of subject matter jurisdiction.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Clarence Willis's motions to reconsider (ECF Nos. 119, 120) be, and the same hereby are, DENIED.

**James C. Mahan**
**U.S. District Judge**

1      IT IS FURTHER ORDERED that defendant Willis's motion to dismiss for lack of subject matter jurisdiction (ECF No. 121) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Willis's proposed orders (ECF No. 128, 130) be, and the same hereby are, STRICKEN from the record.

DATED October 25, 2016.

_____
UNITED STATES DISTRICT JUDGE