UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Plaintiff(s),

v.

CLARENCE MOSES WILLIS, et al.,

Defendant(s).

Case No. 2:15-CV-2366 JCM (GWF)

ORDER

Presently before the court is defendant Ernest Aldridge's motion to expunge *lis pendens*. (ECF No. 138). Plaintiff Federal National Mortgage Association ("Fannie Mae" or "plaintiff") filed a response. (ECF No. 143).

Also before the court is defendant Aldridge's motion for a hearing (ECF No. 125), to which Fannie Mae responded (ECF No. 140).

Also before the court is defendant Clarence Willis's motion to expunge *lis pendens* (ECF No. 139), to which Fannie Mae responded (ECF No. 144).

**I.    Facts & Background**

Fannie Mae owns the following eight real properties: 230 Flint Street, Fernley, Nevada 89408 (APN No. 020-323-06) (the "Flint property"); 330 Garden Lane, Fernley Nevada 89408 (APN No. 020-729-15) (the "Garden property"); 5373 Homeria Street, Las Vegas, Nevada 89113 (APN No. 163-28-720-01) (the "Homeria property"); 7240 Mountain Moss Drive, Las Vegas, Nevada 89147 (APN No. 163-15-710-093) (the "Mountain Moss property"); 7116 Cornflower Drive, Las Vegas, Nevada 89128 (APN No. 138-27-515-029) (the "Cornflower property"); 2523 Palma Vista Avenue, Las Vegas, Nevada 89121 (APN No. 162-12-310-045) (the "Palma Vista

James C. Mahan
U.S. District Judge

property"); 4912 Canadian Drive, Las Vegas, Nevada 89130 (APN No. 125-36-814-012) (the "Canadian property"); and 5654 Thunder Spirit Street, Las Vegas, Nevada 89148 (APN No. 163-30-816-006) (the "Thunder Spirit property") (collectively, as the "subject properties"). (ECF No. 41 at 5–14).

Notice of *lis pendens* on the subject properties was filed on December 15, 2015. (ECF No. 5). In its amended complaint, Fannie Mae alleges that over the course of several months, defendants have engaged in a conspiracy to defraud plaintiff of its interest in the subject properties. (ECF No. 41). Fannie Mae further asserts that defendants, without any legal right or authorization by plaintiff, prepared, executed, and recorded deeds purporting to transfer title from Fannie Mae to defendants. (ECF No. 41).

In the instant motions, defendants assert that expunction of *lis pendens* is appropriate pursuant to NRS 14.015 through 14.025 and request that a hearing be set on the matter. (ECF Nos. 125, 138, 139).

**II.   Discussion**

"The doctrine of lis pendens provides constructive notice to the world that a dispute involving real property is ongoing." *Weddell v. H2O, Inc.*, 271 P.3d 743, 751 (Nev. 2012) (citing Nev. Rev. Stat. § 14.010(3)). "[L]is pendens are not appropriate instruments for use in promoting recoveries in actions for personal or money judgments; rather, their office is to prevent the transfer or loss of real property which is the subject of dispute in the action that provides the basis for the lis pendens." *Levinson v. District Court*, 857 P.2d 18, 20 (Nev. 1993).

In defendant Aldridge's motion, he sets forth four points as to why expunction is appropriate: (1) he did not receive notice of the *lis pendens* in violation of NRS 14.025; (2) no hearing on the notice of *lis pendens* has been set in violation of NRS 14.015; (3) Fannie Mae "is an artificial entity" in violation of NRS 14.020; and (4) Fannie Mae's counsel is acting as both the attorney and the unregistered agent for plaintiff. (ECF No. 138).

In defendant Willis's motion, he argues that expunction is proper based on Fannie Mae's noncompliance with NRS 14.020 because defendants have yet to receive information from Fannie Mae regarding its registered agent. (ECF No. 139 at 3, 5). In addition, Willis asserts that

**James C. Mahan**
**U.S. District Judge**

- 2 -

Fannie Mae has failed to comply with all of the elements required to maintain a *lis pendens* filing in Nevada under NRS 14.015.  (ECF No. 139 at 5).

Generally, to survive a motion to expunge a *lis pendens* attached to real property, the party who recorded the *lis pendens* establish five elements to the court's satisfaction: (1) the action affects the title or possession of the real property described in the notice; (2) the action was not brought in bad faith or for an improper motive; (3) ability to perform any conditions precedent to the relief sought in the action affecting title or possession of the real property; (4) injury by the transfer of an interest in the property before the action's conclusion; and (5) either (a) likelihood of prevailing in the action, or (b) a fair chance of success on the merits in the action and a hardship arising from the transfer of property that is greater than the hardship suffered by defendant resulting from the notice of pendency.  Nev. Rev. Stat. § 14.015(1)–(3); *see, e.g.*, *Bank of Am., N.A. v. Bailey*, No. 2:14-CV-885 JCM GWF, 2015 WL 4073783, at *2 (D. Nev. July 6, 2015).

In the instant case, these five elements have been established to the court's satisfaction. Fannie Mae has adequately shown that the instant action affects title to property, that the action was not brought in bad faith or for an improper motive, that it could perform the conditions precedent to the relief it seeks if any such conditions existed, that it would be injured if defendants were permitted to transfer any interest in the properties at issue, and that it is likely to prevail in the action.  (ECF Nos. 140, 143, 144).

In fact, the court addressed very similar elements in its previous order granting Fannie Mae's motion for a preliminary injunction.  (ECF No. 32).  More specifically, in that order, the court found "that plaintiff is likely to succeed on its claims for unauthorized impersonation, declaratory relief, quiet title, fraud, and conspiracy to defraud."  (ECF No. 32 at 4).

Defendants cite to NRS 14.020 and NRS 14.025 in support of their motions.  However, sections 14.020 and 14.025 of the Nevada Revised Statutes deal with matters relating to service of process.  *See* Nev. Rev. Stat. §§ 14.020, 14.025.  In several previous orders, the court has rejected defendants' repeated attempts to reassert arguments that they were not properly served and/or notified.  (*See, e.g.*, ECF No. 37, 114).  The record shows that Willis was served on

**James C. Mahan**
**U.S. District Judge**

1  January 3, 2016 (ECF No. 21) and that Aldridge was served on January 14, 2016 (ECF No. 20).
2  Thus, defendants' various contentions that expunction is warranted based on NRS 14.020 and
3  NRS 14.025 fail.
4       Further, defendants' motions have failed to set forth any ground that would warrant a
5  grant of a motion to expunge *lis pendens*.  Defendants' motions merely recite various provisions
6  of the NRS word-for-word, make conclusory statements that Fannie Mae has either failed to
7  comply with the statute or is in violation of the statute, and reiterate that expunction is warranted.
8       Based on the foregoing, the court will deny defendants' motions to expunge *lis pendens*.
9  Additionally, as the requisite elements under NRS 14.015 have been established to the court's
10 satisfaction by Fannie Mae and the record itself, the court finds these motions properly resolved
11 without oral argument.  *See* LR 78-1.  Thus, the court will deny Aldridge's motion for hearing.

**III.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Ernest Aldridge's motion to expunge *lis pendens* (ECF No. 138) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Aldridge's motion for a hearing (ECF No. 125) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Clarence Willis's motion to expunge *lis pendens* (ECF No. 139) be, and the same hereby is, DENIED.

DATED November 18, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**