UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>CLARENCE MOSES WILLIS, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:15-CV-2366 JCM (GWF)<br><br>ORDER |

　　　　Presently before the court is defendant Ernest Aldridge's second motion to dismiss for lack of subject matter jurisdiction. (ECF No. 174).

　　　　"Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "An electronic signature may be either in the form of '/s/ [name]' or a facsimile of a handwritten signature." LR IC 5-1(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

　　　　Further, motions must be supported by a memorandum of points and authorities. LR 7-2(a). "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).

　　　　On September 21, 2016, the court denied defendant's first motion to dismiss for lack of subject matter jurisdiction (ECF No. 47), holding that plaintiff met its burden to show that the present matter was properly in federal court. (ECF No. 114 at 4–6). In that order, the court

**James C. Mahan**
**U.S. District Judge**

considered the merits of defendant's motion despite finding that defendant's motion failed to provide a memorandum of points and authorities. (ECF No. 114 at 4).

In the instant motion, defendant moves to dismiss the complaint for lack of subject matter jurisdiction for the second time. (ECF No. 174). Defendant has failed to properly sign the instant motion in accordance with the local and federal rules. As such, the instant motion must be stricken. *See* Fed. R. Civ. P. 11(a).

Notwithstanding, defendant has consented to the denial of his motion by, again, failing to provide a memorandum of points and authorities. Further, defendant has failed to set forth any new circumstance or argument regarding subject matter jurisdiction or the lack thereof.

Further, and in light of defendant's repeated noncompliance with the local and federal rules, the court reminds defendant that although he is *pro se*, defendant is nonetheless bound by the same rules of procedure that govern other litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). As such, defendant shall ensure that all future filings comply with the applicable local and federal rules and is cautioned that future noncompliant filings will be stricken and may subject him to sanctions.

Accordingly,

IT IS HEREBY ORDERED that defendant Ernest Aldridge's motion to dismiss (ECF No. 174) be, and the same hereby is, STRICKEN.

DATED March 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**