# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FEDERAL NATIONAL MORTGAGE ASSOCIATION, )
)
)
      Plaintiff, )    Case No. 2:15-cv-02366-JCM-GWF
)
vs. )    **REPORT AND**
)    **RECOMMENDATION**
CLARENCE MOSES WILLIS, *et al.*, )
)
      Defendants. )
)

      This matter is before the Court on Plaintiff's Motion for Sanctions Against Defendant Clarence Moses Willis (ECF No. 160), filed on January 26, 2017. Defendant Willis filed his Response (ECF No. 168) and Request for Judicial Notice in support of Response (ECF No. 169) on February 22, 2017. Plaintiff filed its Reply (ECF No. 172) on March 1, 2017. The Court conducted a hearing in this matter on March 3, 2017.

## BACKGROUND

      This case arises from allegations of fraud, conspiracy to defraud, slander of title, unjust enrichment, fraudulent conveyance, violation of 18 U.S.C. § 1723(a), trespass, and quiet title to real property against Defendants. *See Complaint* (ECF No. 1). On July 21, 2016, Plaintiff served written discovery requests including interrogatories, requests for production, and requests for admission on Defendant Willis. On August 22, 2016, Defendant Willis filed a Motion for Protective Order (ECF No. 86) in regard to Plaintiff's written discovery. On September 14, 2016, the Court denied Defendant's motion and instructed him to respond to Plaintiff's written discovery requests by September 27, 2016. Defendant, however, did not respond to Plaintiff's written discovery. After Defendant Willis informed Plaintiff that he was not available to attend his deposition scheduled for September 16, 2016, Plaintiff rescheduled and re-noticed his deposition to

December 21, 2016. On multiple occasions, Plaintiff communicated with Defendant in regard to his deposition in an attempt to coordinate. Defendant Willis did not attend the deposition despite having received notice.

Plaintiff requests that the Court impose sanctions against Defendant Willis, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for failing to provide discovery and for failing to comply with this Court's orders. Defendant Willis argues that he was not required to "offer information" to Plaintiff because Plaintiff did not comply with Rule 26 of the Federal Rules of Civil Procedure. *See Response* (ECF No. 168), pg. 2. Defendant also appears to argue that the Court does not have subject matter jurisdiction based on *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553 (2017). *Id.* at pg. 4. On March 16, 2017, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 181. On March 20, 2017, the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction. *See* ECF No. 185.

## DISCUSSION

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that courts may strike pleadings or dismiss an action if a party fails to obey an order to provide or permit discovery. Rule 37(d)(3) provides the same recourse if a party fails to appear for a deposition. Because the sanction of dismissal is drastic, courts must weigh five factors before entering default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Id.*

For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith by the losing party. *Id.* Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault. *Id.* In deciding whether dismissal or default is warranted, the court may consider all of the offending party's discovery conduct. *Id.* It is not always necessary for the court to impose less severe sanctions first,

or to give any explicit warning of the dismissal sanction in order for the sanction to be proper. *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir.1998).

      The first two factors favor entering default. Defendant's refusal to appear for his deposition and failure to respond to Plaintiff's written discovery requests suggest that Defendant has no intention of following Court orders and the Local Rules. Plaintiff afforded Defendant ample opportunity to appear for his deposition and he failed to do so or provide an adequate justification for his failure to appear.

      The third factor also supports imposing terminal sanctions. The inability to obtain discovery from Defendant is prejudicial because it prevents Plaintiff from adequately preparing its case. *See, e.g., Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (upholding the third factor favoring default when the actions of the defendant made it impossible for the plaintiff to adequately prepare itself for trial). Defendant's absence and failure to comply with this Court's order has made it impossible for this case to move forward. As such, this factor weighs in favor of entering default.

      The public policy favoring disposition of cases on the merits counsels against dismissal of a case. *Phynylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir.2006). Nonetheless, a case that is stalled or delayed by a party's failure to comply with discovery obligations cannot move forward toward resolution on the merits. *Id.* Therefore, because resolution based on the merits is obstructed by Defendant's failure to comply with his discovery obligations, this factor supports entering default.

      Finally, there are no less drastic sanctions available that would suffice to move this case forward. The Court denied Defendant's Motion for a Protective Order and instructed him to respond to Defendant's written discovery requests. Yet, Defendant chose not to comply with this Court's order. Defendant's failure to attend his deposition and failure to comply with Court orders is willful and suggests that he does not have the intention of moving this case forward. Therefore, having balanced the five factors, the Court finds that they weigh in favor of entering default. Accordingly,

. . .

. . .

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Sanctions Against Defendant Clarence Moses Willis (ECF No. 160) be **granted**, and that Defendant's Answer (ECF No. 39) be **stricken**, and that default be entered against Defendant Willis.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of March, 2017.

*George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge