UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>CLARENCE MOSES WILLIS, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-2366 JCM (GWF)<br><br>ORDER |

Presently before the court is Magistrate Judge Foley's report and recommendation ("R&R"). (ECF No. 190). *Pro se* defendant Clarence Moses Willis ("Willis" or "defendant") filed an objection (ECF No. 195), to which plaintiff Federal National Mortgage Association ("Fannie Mae" or "plaintiff") responded (ECF No. 201).

**I.     Facts**

This case arises from allegations of fraud, conspiracy to defraud, slander of title, unjust enrichment, fraudulent conveyance, violation of 18 U.S.C. § 1723(a), trespass, and quiet title to real property against defendants Willis, Ernest C. Aldridge, Geri L. McKinnon, and Creative Solutions 4 U, LLC.

Plaintiff owns the following eight (8) real properties: 230 Flint Street, Fernley, Nevada 89408 (APN No. 020-323-06) (the "Flint property"); 330 Garden Lane, Fernley Nevada 89408 (APN No. 020-729-15) (the "Garden property"); 5373 Homeria Street, Las Vegas, Nevada 89113 (APN No. 163-28-720-01) (the "Homeria property"); 7240 Mountain Moss Drive, Las Vegas, Nevada 89147 (APN No. 163-15-710-093) (the "Mountain Moss property"); 7116 Cornflower Drive, Las Vegas, Nevada 89128 (APN No. 138-27-515-029) (the "Cornflower property"); 2523

**James C. Mahan**
**U.S. District Judge**

Palma Vista Avenue, Las Vegas, Nevada 89121 (APN No. 162-12-310-045) (the "Palma Vista property"); 4912 Canadian Drive, Las Vegas, Nevada 89130 (APN No. 125-36-814-012) (the "Canadian property"); and 5654 Thunder Spirit Street, Las Vegas, Nevada 89148 (APN No. 163-30-816-006) (the "Thunder Spirit property") (collectively, as the "subject properties"). (ECF No. 41 at 5–14).

Plaintiff alleges that over the course of several months, defendants have engaged in a conspiracy to defraud plaintiff of its interest in these eight (8) Nevada properties. Plaintiff further asserts that defendants, without any legal right or authorization by plaintiff, prepared, executed, and recorded deeds purporting to transfer title from plaintiff to defendants.

It appears that defendants executed all eight (8) schemes using substantially similar patterns. Fannie Mae acquired its ownership interest in a subject property pursuant to a trustee's deed upon sale recorded in the official records for the appropriate county. Then, defendant Aldridge would record and subsequently re-record a quitclaim deed. For each property, plaintiff would purportedly deed the property to defendant Aldridge for the amount of $10.00. Defendant Willis would then sign the quitclaim deed as purported authorized agent for Fannie Mae. The quitclaim deeds would list plaintiff's mailing address as 4912 Canadian Drive, Las Vegas, Nevada 89130.

Plaintiff asserts that defendant Willis is not, nor has ever been, an employee of Fannie Mae and is not an agent or authorized representative of plaintiff in any capacity. Moreover, 4912 Canadian Drive, Las Vegas, Nevada 89130 is not plaintiff's mailing address. Plaintiff further claims that it never authorized defendant Aldridge to prepare, execute, or record any quitclaim deed, nor did plaintiff authorize defendant Willis to prepare, execute, or record any quitclaim deed on its behalf.

Four (4) of the properties, as detailed fully in plaintiff's motions for TRO and preliminary injunction, have had a grant, bargain, sale deed recorded in the records of Clark or Lyons County. (ECF No. 17). "Pastor Ernest C. Aldridge and his successor, a corporate sole," has purportedly deeded each of these properties to one of defendants McKinnon, CS4U, or Willis for $10.00.

**James C. Mahan**
**U.S. District Judge**

- 2 -

On January 13, 2016, the court granted plaintiff's *ex parte* motion for a TRO. (ECF No. 19). On January 26, 2016, the court granted plaintiff's motion for preliminary injunction. (ECF No. 32).

On February 3, 2016, defendant Aldridge filed a 12(b) motion to dismiss. (ECF No. 34). On February 25, 2016, plaintiff filed an amended complaint, which contained no changes to parties. (ECF No. 41). The amended complaint alleges nineteen (19) causes of action against the various defendants. (ECF No. 41).

On July 21, 2016, plaintiff served written discovery requests including interrogatories, requests for production, and requests for admission on Willis. On August 22, 2016, Willis filed a motion for protective order (ECF No. 86) in regard to plaintiff's written discovery. On September 14, 2016, the court denied Willis's motion and instructed him to respond to plaintiff's written discovery requests by September 27, 2016. Willis, however, did not respond to plaintiff's written discovery. After Willis informed plaintiff that he was not available to attend his deposition scheduled for September 16, 2016, plaintiff rescheduled and re-noticed his deposition to December 21, 2016. On multiple occasions, plaintiff communicated with Willis in regard to his deposition in an attempt to coordinate. Willis did not attend the deposition despite having received notice.

Plaintiff requests that the court impose sanctions against Willis, pursuant to Federal Rule of Civil Procedure 37, for failing to provide discovery and for failing to comply with the court's orders. Willis argues that he was not required to "offer information" to plaintiff because plaintiff did not comply with Rule 26. (ECF No. 168 at 2).

On September 21, 2016, the court denied the following motions: ECF Nos. 47, 66, 74, 78, 80, 81, 83, and 90). (ECF No. 114). On October 25, 2016, the court denied the following motions: ECF Nos. 119, 120, and 121. (ECF No. 131). On March 16, 2017, Willis filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 181), which the court denied on March 20, 2017 (ECF No. 185).

In the R&R, Magistrate Judge Foley recommends that plaintiff's motion for sanctions against Willis (ECF No. 160) be granted, that Willis's answer (ECF No. 39) be stricken, and that default be entered against defendant Willis. (ECF No. 190).

In his objection, Willis requests that the court disregard the magistrate judge's recommendation because Mr. Anthony R. Sassis's affidavit was false. (ECF No. 195 at 3).

**II.    Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

**III.   Discussion**

Rule 37(b)(2)(A) provides that courts may strike pleadings or dismiss an action if a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(d)(3) provides the same recourse if a party fails to appear for a deposition. Fed. R. Civ. P. 37(d)(3). Because the sanction of dismissal is drastic, courts must weigh five factors before entering default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henry v. Gill Indus., Inc*., 983 F.2d 943, 948 (9th Cir. 1993). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Id*.

In considering these factors, the magistrate judge found that the factors weigh in favor of imposing terminal sanctions and entering default against Willis. (ECF No. 190). The magistrate judge found that Willis has shown no intention of following the court's orders or the local rules by

- 4 -

his refusal to appear for his deposition and failure to respond to plaintiff's written discovery requests. (ECF No. 190). Further, the magistrate judge found that resolution on the merits is obstructed by Willis's failure to comply with his discovery obligations and that no less drastic sanctions are available that would suffice to move the instant case forward. (ECF No. 190).

In his objection, Willis fails to make any specific objections to the magistrate judge's findings. (ECF No. 195). Rather, Willis contests the accuracy of Mr. Sassi's affidavit and argues that his answer was timely and should remain on the record. (ECF No. 195). Willis also reiterates various arguments that the court has previously rejected as meritless. (*See* ECF Nos. 114, 131, 185).

Upon reviewing the recommendation and underlying filings, the court finds that good cause appears to adopt the magistrate judge's findings. Willis fails to cite to any authority in support of his arguments, nor does he set forth any evidence in support thereof. The court has struck numerous improper filings made by Willis, and the Ninth Circuit has dismissed numerous notices of appeal filed by Willis. Further, Willis has been cautioned in numerous orders that compliance with the local and federal rules is mandatory.

Further, it is well established that the district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404–05 (9th Cir. 2010); *see also Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir. 1998) (recognizing inherent power to dismiss an action to sanction abusive conduct).

In light of the foregoing, the court finds that the aforementioned factors weigh in favor of striking Willis's answer (ECF No. 39) and entering default against Willis.[1] Based on the record and Willis's repeated disregard for the local and federal rules, as well as the court's orders, the

---

[1] Furthermore, the court finds that the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), weigh in favor of entering default judgment against defendant Willis. These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.*

**James C. Mahan**
**U.S. District Judge**

- 5 -

court finds that no less drastic sanctions are available. Therefore, the court will adopt Magistrate Judge Foley's R&R in its entirety.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's R&R (ECF No. 190) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions against Willis (ECF No. 160) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Willis's answer (ECF No. 39) be, and the same hereby is, STRICKEN.

IT IS FURTHER ORDERED that plaintiff shall prepare and shall file, within fourteen (14) days of the entry of this order, a proposed order for clerk's entry of default and for default judgment consistent with the foregoing.

DATED April 26, 2017.

_____
UNITED STATES DISTRICT JUDGE