UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

              Plaintiff(s),

  v.

CLARENCE MOSES WILLIS, et al.,

              Defendant(s).

Case No. 2:15-CV-2366 JCM (GWF)

ORDER

Presently before the court is *pro se* defendant Clarence Moses Willis's ("Willis") motion to set aside clerk's entry of default. (ECF No. 220). Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a response (ECF No. 223), to which Willis replied (ECF No. 230).

Also before the court is Willis's motion for recusal of district judge. (ECF No. 228).

**I.    Facts**

This case arises from allegations of fraud, conspiracy to defraud, slander of title, unjust enrichment, fraudulent conveyance, violation of 18 U.S.C. § 1723(a), trespass, and quiet title to real property against defendants Willis, Ernest C. Aldridge ("Aldridge"), Geri L. McKinnon,[1] and Creative Solutions 4 U, LLC (collectively, as "defendants").

Fannie Mae alleges that over the course of several months, defendants have engaged in a conspiracy to defraud Fannie Mae of its interest in eight (8) subject properties.[2] Fannie Mae further

---

[1] Pursuant to a stipulation (ECF No. 211), Fannie Mae dismissed its claims against McKinnon. (ECF Nos. 214, 215).

[2] Fannie Mae owns the following eight (8) real properties: 230 Flint Street, Fernley, Nevada 89408 (APN No. 020-323-06) (the "Flint property"); 330 Garden Lane, Fernley Nevada 89408 (APN No. 020-729-15) (the "Garden property"); 5373 Homeria Street, Las Vegas, Nevada 89113 (APN No.

**James C. Mahan**
**U.S. District Judge**

alleges that defendants, without any legal right or authorization by Fannie Mae, prepared, executed, and recorded deeds purporting to transfer title from Fannie Mae to defendants.

On February 25, 2016, Fannie Mae filed an amended complaint, alleging nineteen (19) causes of action against the various defendants. (ECF No. 41).

On July 21, 2016, Fannie Mae served written discovery requests including interrogatories, requests for production, and requests for admission on Willis. On August 22, 2016, Willis filed a motion for protective order (ECF No. 86) in regard to Fannie Mae's written discovery. On September 14, 2016, the court denied Willis's motion and instructed him to respond to Fannie Mae's written discovery requests by September 27, 2016. Willis, however, did not respond to plaintiff's written discovery. After Willis informed Fannie Mae that he was not available to attend his deposition scheduled for September 16, 2016, Fannie Mae rescheduled and re-noticed his deposition to December 21, 2016. On multiple occasions, Fannie Mae communicated with Willis in regard to his deposition in an attempt to coordinate. Willis did not attend the deposition despite having received notice.

Thereafter, Fannie Mae requested that the court impose sanctions against Willis, pursuant to Federal Rule of Civil Procedure 37, for failing to provide discovery and for failing to comply with the court's orders. (ECF No. 160). In response, Willis argued that he was not required to "offer information" to Fannie Mae because Fannie Mae did not comply with Rule 26. (ECF No. 168 at 2).

In a report and recommendation ("R&R"), Magistrate Judge Foley recommended that Fannie Mae's motion for sanctions against Willis (ECF No. 160) be granted, that Willis's answer (ECF No. 39) be stricken, and that default be entered against Willis. (ECF No. 190). Willis filed an objection to the R&R, requesting that the court disregard the magistrate judge's recommendation because Mr. Anthony R. Sassis's affidavit was false. (ECF No. 195 at 3).

---

163-28-720-01) (the "Homeria property"); 7240 Mountain Moss Drive, Las Vegas, Nevada 89147 (APN No. 163-15-710-093) (the "Mountain Moss property"); 7116 Cornflower Drive, Las Vegas, Nevada 89128 (APN No. 138-27-515-029) (the "Cornflower property"); 2523 Palma Vista Avenue, Las Vegas, Nevada 89121 (APN No. 162-12-310-045) (the "Palma Vista property"); 4912 Canadian Drive, Las Vegas, Nevada 89130 (APN No. 125-36-814-012) (the "Canadian property"); and 5654 Thunder Spirit Street, Las Vegas, Nevada 89148 (APN No. 163-30-816-006) (the "Thunder Spirit property") (collectively, as the "subject properties"). (ECF No. 41 at 5–14).

James C. Mahan
U.S. District Judge

- 2 -

On April 27, 2017, the court entered an order (ECF No. 202) adopting the R&R (ECF No. 190) in its entirety and finding default to be an appropriate sanction pursuant to Rule 37(b)(2)(A) for Willis's failure to obey an order to provide or permit discovery. Thereafter, the clerk entered default against Willis. (ECF No. 210).

In the instant motions, Willis moves to set aside the clerk's entry of default (ECF No. 220) and requests that the Honorable James C. Mahan recuse himself pursuant to 28 U.S.C. § 455 (ECF No. 228).

## II.  Legal Standards & Discussion

As an initial matter, the court acknowledges that Willis's documents were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). While Willis is *pro se*, he is nonetheless bound by the same rules of procedure that govern other litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

### A. Motion to Set Aside Clerk's Entry of Default (ECF No. 220)

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations marks omitted).

In his motion, Willis argues that the clerk's entry of default was inappropriate on two grounds: (1) the court lacks subject matter jurisdiction under 28 U.S.C. § 1331; and (2) Willis has

**James C. Mahan**
**U.S. District Judge**

- 3 -

not failed to plead or otherwise defend as required for entry of default under Rule 55(a).  (ECF No. 220).  Willis further contends that he was denied the opportunity to oppose the clerk's entry of default.  (ECF No. 220).  The court disagrees.

As to the first ground, the court has diversity jurisdiction over the instant action as set forth in the court's order entered on June 22, 2017 (ECF No. 222).  *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]").  Therefore, subject matter jurisdiction is proper.  (*See, e.g.*, ECF No. 222).

As to the second ground, the clerk's entry of default (ECF No. 210) was proper and made pursuant to the court's order (ECF No. 202), wherein the court adopted the magistrate judge's R&R (ECF No. 190) that default be entered against Willis as a sanction pursuant to Rule 37(b)(2)(A) for Willis's failure to obey an order to provide or permit discovery.  Despite Willis's assertion to the contrary, he was given an opportunity to oppose the clerk's entry of default and did so via his objection to the R&R (ECF No. 195), which the court addressed in its April 27th order (ECF No. 202).

In light of the foregoing, Willis has failed to show that good cause exists to set aside the clerk's entry of default.  Willis merely reasserts an argument that the court has previously rejected and misconstrues the basis upon which default was entered.  Further, Willis fails to set forth any argument that would support a finding of good cause.  In fact, Willis fails to address the proper standard entirely.

Accordingly, the court will deny Willis's motion to set aside clerk's entry of default (ECF No. 220).

**B.  Motion for Recusal of District Judge** (ECF No. 228)

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Pursuant to 28 U.S.C. § 455, the presiding judge determines whether recusal is warranted.  *United States v. Azhocar*, 581 F.2d 735, 867–68 (9th Cir. 1978).  Section 455(a) is broad, requiring recusal

**James C. Mahan**
**U.S. District Judge**

- 4 -

"in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

In his motion, Willis requests that the district judge recuse himself because he "has deliberately violated litigant's personal liberties and/or has wantonly refused to provide due process and equal protection to all litigants before the court or has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings." (ECF No. 228 at 2). In support, Willis attaches and cites to the transcript from the preliminary injunction hearing held on January 26, 2016. (ECF No. 228-1).

However, for § 455 recusal to be warranted, the source of any alleged bias must generally be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 551 (1994). Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Thus, judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Id.*

The court finds that Willis has failed to show that "the rarest of circumstances" exist to support a motion for recusal. Willis does not argue that the alleged bias is extrajudicial. To the contrary, Willis contends that the district judge formed the alleged bias/prejudice during the current proceeding. Citing to selective parts of the preliminary injunction transcript (ECF No. 228-1), Willis makes various accusations regarding the district judge's "manner" and misstatements during the preliminary injunction hearing, none of which supports Willis's motion for recusal.

For example, citing to page 11 of the transcript (ECF No. 228-1 at 12), Willis asserts that the district judge "threatened to have criminal charges filed." (ECF No. 228 at 3). A review of the transcript, however, reveals that the issue of charges originated from Willis's direct question on the matter.

> THE COURT: You have no right to use the name [Fannie Mae]. The federal statute says you don't. How do you - - what about 17 - - 12, U.S.C., 1723a? How do you respond to that?
> MR. WILLIS: Well, are you bringing charges against me, Your Honor?
> THE COURT: I could. I could say, "I don't know why you don't prosecute him for fraud?" Do you want me to do that?

**James C. Mahan**
**U.S. District Judge**

- 5 -

(ECF No. 228-1 at 12).

As another example, citing to page 17 of the transcript (ECF No. 228-1 at 18), Willis asserts that the district judge "wrongly stated counsel as the party." (ECF No. 228 at 3). Willis's assertion, however, appears to be premised on the mistaken belief that an attorney may not appear on behalf of a party. To the contrary, Fannie Mae must be represented by counsel and cannot appear in federal court otherwise. *See, e.g.*, *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation is not permitted to appear in federal court unless it is represented by counsel."). Although a non-attorney, such as Willis, may appear on his own behalf to represent himself, that privilege is personal to him. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). An individual has no authority to appear as an attorney for anyone other than himself. *Id.*

Willis further contends that the district judge's actions "presiding over statute 12 U.S.C. § 1723a(e) is compelling evidence of actual bias/prejudice." (ECF No. 228 at 4). Citing to NRS 14.015 in support, Willis asserts that the district judge failed to give full faith and credit to Nevada's real property laws by refusing defendants a hearing "regarding two (2) of the *lis pendens* filed by the plaintiff." (ECF No. 228 at 5).

Section 14.015 of the NRS provides that after a notice of pendency of an action has been recorded, the defendant may request that the court hold a hearing on the notice. Nev. Rev. Stat. § 14.015(1). Willis made no such request for hearing on the *lis pendens* pursuant to NRS 14.015. In fact, Willis's first motion regarding any *lis pendens*—specifically, a motion to expunge *lis pendens* (ECF No. 92)—was granted (ECF No. 114).

In light of the foregoing, Willis has failed to show the existence of deep-seated favoritism or antagonism that would make fair judgment impossible so as to support a § 455 recusal. Nor has Willis shown that the rarest of circumstances exists to support his motion for recusal. Rather, Willis's motion sets forth his disagreements with the court's findings based on his misunderstanding of the applicable rules and law.

Accordingly, the court will deny Willis's motion for recusal of district judge (ECF No. 228).

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Willis's motion to set aside clerk's entry of default (ECF No. 220) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Willis's motion for recusal of district judge (ECF No. 228) be, and the same hereby is, DENIED.

DATED July 13, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -