1  LAUREL I. HANDLEY (NV Bar # 9576)
   ANTHONY R. SASSI (NV Bar # 12486)
2  Aldridge | Pite, LLP
   520 South 4th Street, Suite 360
3  Las Vegas, NV 89101
   Telephone (702) 991-4627
4  Facsimile (702) 685-6342
   E-Mail: asassi@aldridgepite.com
5
   Attorneys for Plaintiff
6  FEDERAL NATIONAL MORTGAGE ASSOCIATION

7

8                 **UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF NEVADA**

10 FEDERAL NATIONAL MORTGAGE          Case No. 2:15-CV-02366-JCM-GWF
   ASSOCIATION,
11
              Plaintiff,              **STIPULATION FOR NON-MONETRY**
12                                    **JUDGMENT**
          v.
13
   ERNEST C. ALDRIDGE; CLARENCE
14 MOSES WILLIS; GERI L. MCKINNON;
   CREATIVE SOLUTIONS 4 U LLC; and
15 DOES 1 through 20, inclusive,

16            Defendants.

17

18         **STIPULATION FOR NON-MONETRY JUDGMENT**

19         COMES NOW Plaintiff FEDERAL NATIONAL MORTGAGE ASSOCIATION[1]

20 ("Fannie Mae") by and through its Counsel of Record, LAUREL I. HANDLEY, ESQ. and

21 ANTHONY R. SASSI, ESQ. of ALDRIDGE PITE, LLP, and Defendant, CREATIVE

22 SOLUTIONS 4 U, LLC ("CS4U") by and through its counsel, JARED B. JENNINGS, ESQ. of

23 JENNINGS & FULTON, LTD., and hereby stipulate and agree as follows:

24

25 _____

26 [1] Unless otherwise indicated all references to Federal National Mortgage Association or Fannie
   Mae in this Stipulation for Judgment are to Plaintiff, the federally chartered, government
27 sponsored enterprise known as Federal National Mortgage Association and also known as Fannie
   Mae, and not to any other entity using the name "Federal National Mortgage Association,"
28 including, but not limited to, the Nevada entity purportedly created by Defendant, Clarence
   Moses Willis.

**IT IS HEREBY STIPULATED** that Fannie Mae, not CS4U, is the current and true owner of real property commonly known as 2523 Palma Vista Avenue, Las Vegas, Nevada 89121 ("Palma Vista Property"), which is legally described as:

> LOT ELEVEN (11) IN BLOCK SEVEN (7) OF FRANCISCO PARK NO. 14, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 10 OF PLATES, PAGE 36 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

**IT IS HEREBY FURTHER STIPULATED** that Fannie Mae became the owner of the Palma Vista Property pursuant to a Trustee's Deed Upon Sale, which was recorded on June 9, 2015 in the Official Records of Clark County, Nevada as Instrument No. 201506090000667.

**IT IS HEREBY FURTHER STIPULATED** that Fannie Mae has not conveyed, deeded, or otherwise transferred title to the Palma Vista Property since it obtained title to the Palma Vista Property.

**IT IS HEREBY FURTHER STIPULATED** that a Quitclaim Deed was recorded in the Official Records of Clark County, Nevada on September 18, 2015, as Instrument 201509180001334 ("Palma Vista Quitclaim Deed"), which purported to convey title to the Palma Vista Property to "Pastor Earnest C. Aldridge, a Corporate Sole" ("Aldridge").

**IT IS HEREBY FURTHER STIPULATED** that subsequently a Grant, Bargain, Sale Deed was recorded in the Official Records of Clark County, Nevada on September 25, 2015, as Instrument No. 201512080003905 ("Palma Vista GBS Deed") that purported to convey title to the Palma Vista Property from Aldridge to CS4U.

**IT IS HEREBY FURTHER STIPULATED** that Geri McKinnon ("McKinnon")[2], acting on behalf of CS4U, agreed to acquire the Palma Vista Property from Aldridge, and to that end CS4U accepted the Palma Vista GBS Deed, based on representation from Willis and Aldridge to McKinnon that the Palma Vista Quitclaim Deed was valid, that Aldridge held title to the Palma Vista Property, and that Aldridge could convey title to the Palma Vista Property to CS4U.

---

[2] Unless otherwise indicated, all references to Geri McKinnon herein are to her in her capacity as managing member of CS4U and her actions described herein were taken in such capacity.

**IT IS HEREBY FURTHER STIPULATED** that McKinnon subsequently learned that these representations were false in that Fannie Mae never conveyed or authorized any conveyance of the Palma Vista Property to Aldridge such that Aldridge never had the right or authority to convey title to the Palma Vista Property to CS4U.[3] **IT IS HEREBY FURTHER STIPULATED** that Fannie Mae did not authorize any conveyance of the Palma Vista Property and further that the Palma Vista Quitclaim Deed was not executed by Fannie Mae or an agent authorized to act on behalf of Fannie Mae.

**IT IS HEREBY FURTHER STIPULATED** that, as a result the Palma Vista Quitclaim Deed did not convey title to the Palma Vista Property to Aldridge, and Aldridge never obtained any right, title, or interest in the Palma Vista Property.

**IT IS HEREBY FURTHER STIPULATED** that, because title to the Palma Vista Property was never transferred to Aldridge, the Palma Vista GBS Deed did not convey title to the Palma Vista Property to CS4U.

**IT IS HEREBY FURTHER STIPULATED** that CS4U never obtained any right, title, or interest in the Palma Vista Property, and it does not now claim an interest of any kind in the Palma Vista Property.

**IT IS HEREBY FURTHER STIPULATED** that the Palma Vista Quitclaim Deed was invalid and should be declared void *ab initio*, invalid, of no force and effect, and be expunged from the public record.

**IT IS HEREBY FURTHER STIPULATED** that the Palma Vista GBS Deed was invalid and should be declared void *ab initio*, invalid, of no force and effect, and be expunged from the public record.

**IT IS HEREBY FURTHER STIPULATED** that title to the Palma Vista Property should be quieted in the name of Federal National Mortgage Association.

---

[3] Neither McKinnon nor CS4U are stipulating to having committed fraud or to participating in any conspiracy to defraud in regards to any properties or matters addressed herein.

**IT IS HEREBY FURTHER STIPULATED** that Fannie Mae, not CS4U, is the current and true owner of real property commonly known as 5654 Thunder Spirit Street, Las Vegas, Nevada 89148 ("Thunder Spirit Property"), which is legally described as:

> LOT 6 OF RUSSELL/GRAND CANYON, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 118 OF PLATES, PAGE 85 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

**IT IS HEREBY FURTHER STIPULATED** that Fannie Mae became the owner of the Thunder Spirit Property pursuant to a Trustee's Deed Upon Sale, which was recorded in the Official Records of Clark County, Nevada as Instrument No. 201508070000314 on August 7, 2015.

**IT IS HEREBY FURTHER STIPULATED** that Fannie Mae has not, conveyed, deeded, or otherwise transferred title to the Thunder Spirit Property since it obtained title to the Thunder Spirit Property.

**IT IS HEREBY FURTHER STIPULATED** that a Quitclaim Deed was recorded in the Official Records of Clark County, Nevada on September 8, 2015, as Instrument 201509080002087 ("Thunder Spirit Quitclaim Deed"), which purported to convey title to the Thunder Spirit Property to Aldridge.

**IT IS HEREBY FURTHER STIPULATED** that a Grant, Bargain, Sale Deed was recorded in the Official Records of Clark County, Nevada on September 18, 2015, as Instrument No. 201509180001381 ("Thunder Spirit GBS Deed") that purported to convey title to the Thunder Spirit Property from Aldridge to CS4U.

**IT IS HEREBY FURTHER STIPULATED** that McKinnon, again acting on behalf of CS4U, agreed to acquire the Thunder Spirit Property from Aldridge, and to that end accepted the Thunder Spirit GBS Deed, based on representation from Willis and Aldridge to McKinnon that the Thunder Spirit Quitclaim Deed was valid, that Aldridge held title to the Thunder Spirit Property, and that Aldridge could convey title to the Thunder Spirit Property to CS4U.

**IT IS HEREBY FURTHER STIPULATED** that McKinnon subsequently learned that these representations were false in that Fannie Mae never conveyed or authorized any

conveyance of the Thunder Spirit Property to Aldridge such that Aldridge never had the right or authority to convey title to the Thunder Spirit Property to CS4U.

**IT IS HEREBY FURTHER STIPULATED** that Fannie Mae did not authorize any conveyance of the Thunder Spirit Property and further that the Thunder Spirit Quitclaim Deed was not executed by Fannie Mae or an agent authorized to act on behalf of Fannie Mae.

**IT IS HEREBY FURTHER STIPULATED** that, as a result the Thunder Spirit Quitclaim Deed did not convey title to the Thunder Spirit Property to Aldridge, and Aldridge never obtained any right, title, or interest in the Thunder Spirit Property.

**IT IS HEREBY FURTHER STIPULATED** that, because title to the Thunder Spirit Property was never transferred to Aldridge, the Thunder Spirit GBS Deed did not convey title to the Thunder Spirit Property to CS4U.

**IT IS HEREBY FURTHER STIPULATED** that CS4U never obtained any right, title, or interest in the Thunder Spirit Property, and it does not now claim an interest of any kind in the Thunder Spirit Property.

**IT IS HEREBY FURTHER STIPULATED** that the Thunder Spirit Quitclaim Deed was invalid and should be declared void *ab initio*, invalid, of no force and effect, and be expunged from the public record.

**IT IS HEREBY FURTHER STIPULATED** that the Thunder Spirit GBS Deed was invalid and should be declared void *ab initio*, invalid, of no force and effect, and be expunged from the public record.

**IT IS HEREBY FURTHER STIPULATED** that title to the Thunder Spirit Property should be quieted in the name of Federal National Mortgage Association.

**IT IS HEREBY FURTHER STIPULATED** that Fannie Mae is not seeking monetary judgment against CS4U.

**IT IS HEREBY FURTHER STIPULATED** that judgment should be entered in favor of Fannie Mae and against CS4U with respect to the First and Third Causes of Action (declaratory relief and quiet title respectively) alleged against CS4U in the First Amended Complaint (ECF No. 41), but only to the extent of the stipulations set forth above.

1    **IT IS HEREBY FURTHER STIPULATED** that the remaining causes of action

2    asserted by Fannie Mae against CS4U should be dismissed with prejudice.

3    **IT IS HEREBY FURTHER STIPULATED** that the parties to this stipulation shall bear

4    their own fees and costs as against each other.

5    Dated this 2nd day of July, 2017.

6

7    ALDRIDGE PITE, LLP                          JENNINGS & FULTON, LTD

8    /s/ Anthony R. Sassi                        /s/ Jared Jennings

9    _____                   _____

10   LAUREL I. HANDLEY                           JARED B. JENNINGS
     ANTHONY R. SASSI                            Attorney for Defendant
     Attorneys for Plaintiff                     CREATIVE SOLUTIONS 4 U, LLC
11   FEDERAL NATIONAL MORTGAGE
     ASSOCIATION
12

13

14                                     **ORDER**

15   The Court, having considered the Stipulation between FEDERAL NATIONAL

16   MORTGAGE ASSOCIATION[4] ("Fannie Mae") and Defendant, CREATIVE SOLUTIONS 4 U,

17   LLC ("CS4U") and good cause appearing, the Court hereby orders as follows:

18   **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Fannie Mae, not

19   CS4U, is the current and true owner of real property commonly known as 2523 Palma Vista

20   Avenue, Las Vegas, Nevada 89121 ("Palma Vista Property"), which is legally described as:

21   LOT ELEVEN (11) IN BLOCK SEVEN (7) OF FRANCISCO PARK NO. 14,
     AS SHOWN BY MAP THEREOF ON FILE IN BOOK 10 OF PLATES, PAGE
22   36 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY,
     NEVADA.

23

24

25

26   [4] Unless otherwise indicated, all references to Federal National Mortgage Association or Fannie
     Mae in this Order are to Plaintiff, the federally chartered, government sponsored enterprise
27   known as Federal National Mortgage Association and also known as Fannie Mae, and not to any
     other entity using the name "Federal National Mortgage Association," including, but not limited
28   to, the Nevada entity purportedly created by Defendant, Clarence Moses Willis.

1    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Quitclaim

2  Deed recorded in the Official Records of Clark County, Nevada on September 18, 2015 as

3  Instrument 201509180001334, which purported to convey title to the Palma Vista Property to

4  "Pastor Earnest C. Aldridge, a Corporate Sole," ("Aldridge") is void *ab initio*, invalid, of no

5  force and effect, and is hereby expunged from the public record.

6    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Grant,

7  Bargain, Sale Deed recorded in the Official Records of Clark County, Nevada on September 25,

8  2015, as Instrument No. 201512080003905 that purported to convey title to the Palma Vista

9  Property to CS4U is void *ab initio*, invalid, of no force and effect, and is hereby expunged from

10  the public record.

11    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that title to the Palma

12  Vista Property is quieted in the name of Federal National Mortgage Association.

13    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Fannie Mae, not

14  CS4U, is the current and true owner of real property commonly known as 5654 Thunder Spirit

15  Street, Las Vegas, Nevada 89148 ("Thunder Spirit Property"), which is legally described as:

16    LOT 6  OF RUSSELL/GRAND CANYON, AS SHOWN BY MAP THEREOF
    ON FILE IN BOOK 118 OF PLATES, PAGE 85 IN THE OFFICE OF THE
17    COUNTY RECORDER OF CLARK COUNTY, NEVADA.

18    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Quitclaim

19  Deed recorded in the Official Records of Clark County, Nevada on September 8, 2015, as

20  Instrument 201509080002087 that purported to convey title to the Thunder Spirit Property to

21  Aldridge is void *ab initio*, invalid, of no force and effect, and is hereby expunged from the public

22  record.

23    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Grant,

24  Bargain, Sale Deed recorded in the Official Records of Clark County, Nevada on September 18,

25  2015, as Instrument No. 201509180001381, which that purported to convey title to the Thunder

26  Spirit Property to CS4U is void *ab initio*, invalid, of no force and effect, and is hereby expunged

27  from the public record.

28

1        **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that title to the

2    Thunder Spirit Property is quieted in the name of Federal National Mortgage Association.

3        **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Fannie Mae is not

4    seeking monetary judgment against CS4U.

5        **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is

6    entered in favor of Fannie Mae and against CS4U with respect to the First and Third Causes of

7    Action (declaratory relief and quiet title respectively) asserted against CS4U in the First

8    Amended Complaint (ECF No. 41) as limited by the Stipulations and this Order.

9        **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the remaining

10   causes of action asserted by Fannie Mae against CS4U in the First Amended Complaint (ECF

11   No. 41) are dismissed with prejudice.

12       **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that that Fannie Mae

13   and CS4U shall bear their own fees and costs as against each other.

14

15   **IT IS SO ORDERED.**

16

17   _____

18   UNITED STATES DISTRICT JUDGE

19   DATED:   August 4, 2017  _____

20

21

22

23

24

25

26

27

28