UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>CLARENCE MOSES WILLIS, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-2366 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Ernest C. Aldridge's motion to recuse district judge and request for oral argument. (ECF No. 234).

**I.     Facts**

This case arises from allegations of fraud, conspiracy to defraud, slander of title, unjust enrichment, fraudulent conveyance, violation of 18 U.S.C. § 1723(a), trespass, and quiet title to real property against defendants Clarence Moses Willis ("Willis"), Ernest C. Aldridge ("Aldridge"), Geri L. McKinnon,[1] and Creative Solutions 4 U, LLC (collectively, as "defendants").

Fannie Mae alleges that over the course of several months, defendants have engaged in a conspiracy to defraud Fannie Mae of its interest in eight (8) subject properties.[2] Fannie Mae further

---

[1] Pursuant to a stipulation (ECF No. 211), Fannie Mae dismissed its claims against McKinnon. (ECF Nos. 214, 215).

[2] Fannie Mae owns the following eight (8) real properties: 230 Flint Street, Fernley, Nevada 89408 (APN No. 020-323-06) (the "Flint property"); 330 Garden Lane, Fernley Nevada 89408 (APN No. 020-729-15) (the "Garden property"); 5373 Homeria Street, Las Vegas, Nevada 89113 (APN No. 163-28-720-01) (the "Homeria property"); 7240 Mountain Moss Drive, Las Vegas, Nevada 89147 (APN No. 163-15-710-093) (the "Mountain Moss property"); 7116 Cornflower Drive, Las Vegas, Nevada 89128 (APN No. 138-27-515-029) (the "Cornflower property"); 2523 Palma Vista Avenue, Las Vegas, Nevada 89121 (APN No. 162-12-310-045) (the "Palma Vista property");

alleges that defendants, without any legal right or authorization by Fannie Mae, prepared, executed, and recorded deeds purporting to transfer title from Fannie Mae to defendants.

On February 25, 2016, Fannie Mae filed an amended complaint, alleging nineteen (19) causes of action against the various defendants. (ECF No. 41).

In the instant motion, Aldridge requests that the Honorable James C. Mahan recuse himself pursuant to 28 U.S.C. §§ 144 & 455. (ECF No. 234).

## II. Legal Standards & Discussion

As an initial matter, the court acknowledges that Aldridge's documents were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). While Aldridge is *pro se*, he is nonetheless bound by the same rules of procedure that govern other litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed not further therein." 28 U.S.C. § 144. Aldridge has not submitted an affidavit. Accordingly, his claim for recusal under § 144 fails.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. § 455, the presiding judge determines whether recusal is warranted. *United*

---

4912 Canadian Drive, Las Vegas, Nevada 89130 (APN No. 125-36-814-012) (the "Canadian property"); and 5654 Thunder Spirit Street, Las Vegas, Nevada 89148 (APN No. 163-30-816-006) (the "Thunder Spirit property") (collectively, as the "subject properties"). (ECF No. 41 at 5–14).

| | |
|---|---|
| 1 | *States v. Azhocar*, 581 F.2d 735, 867–68 (9th Cir. 1978).  Section 455(a) is broad, requiring recusal |
| 2 | "in any proceeding in which [a judge's] impartiality might reasonably be questioned."  28 U.S.C. |
| 3 | § 455(a); *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988). |

In his motion, Aldridge requests that the district judge recuse himself because he has shown favoritism and improper conduct. (ECF No. 234).  Aldridge alleges that plaintiff's law firm, Aldridge Pite LLP (no relation to defendant), filed the complaint and recorded *lis pendens* on the nine properties with no apparent authority from the plaintiff, Fannie Mae. (*Id.*). Aldridge contends that Aldridge Pite LLP failed to file a certificate of interested parties pursuant to Fed. R. Civ. P. 7-1, and that this intentional failure "and the apparent waiver of that rule by Mahan is an impropriety that would lead any reasonable person to conclude that Mahan has a vested monetary interest in FNMA-DC and therefore will gain a profit or benefit from the outcome of this undertaking." (*Id.*). Additionally, Aldridge offers baseless accusations the judge possesses biases as to gender, as well as in favor of BAR members and against pro se parties.

Further, Aldridge alleges the court's repeated denials of defendants' subject matter and personal jurisdiction challenges amounted to the court "seiz[ing] jurisdiction" over the matter and "issu[ing] orders absent jurisdiction." (ECF No. 234). As the court has explained in many previous orders, jurisdiction over this matter is proper. (ECF Nos. 114, 131, 185, 216).

For § 455 recusal to be warranted, the source of any alleged bias must generally be extrajudicial.  *Liteky v. United States*, 510 U.S. 540, 551 (1994).  Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.* at 555. Thus, judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Id.*

The court finds that Aldridge has failed to show that "the rarest of circumstances" exist to support a motion for recusal.  While Aldridge alleges the judge possesses biases that are in fact extrajudicial, his allegations are baseless and outlandish. Nothing in the record indicates the judge possesses any kind of gender bias, nor that he is financially invested in the outcome of the matter. The judge's consistent denial of defendants' motions is a reflection of defendants' original illegal conduct and repeated misstatements of the law, not a bias against pro se parties.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Aldridge further asserts that the district judge denied the defendants the protection of Nevada law by refusing defendants a hearing on the *lis pendens*." (ECF No. 234). Section 14.015 of the NRS provides that after a notice of pendency of an action has been recorded, the defendant may request that the court hold a hearing on the notice. Nev. Rev. Stat. § 14.015(1). Aldridge made such request for hearing on the *lis pendens* pursuant to NRS 14.015 on October 13, 2016 (ECF No. 125) and again on October 28, 2016 (ECF No. 139). The court denied these motions on November 18, 2016. (ECF No. 149).

Aldridge's claim the court denied defendants the protection of Nevada law is inaccurate. The court's review, and subsequent denial of Aldridge's request for a hearing comported with NRS 14.015. The court found the five requisite elements of NRS 14.015 had been established by Fannie Mae and by the record itself. (ECF No. 149). Accordingly, the court found Fannie Mae had survived defendants' motions to expunge *lis pendens*. (*Id.*). Thus, pursuant to LR 78-1, the court found these motions properly resolved without the need for oral argument. (*Id.*).

In light of the foregoing, Aldridge has failed to show the existence of legitimate deep-seated favoritism or antagonism that would render fair judgment impossible so as to support a § 455 recusal. Nor has Aldridge shown that the rarest of circumstances exists to support his motion for recusal. Rather, Aldridge's motion sets forth his disagreements with the court's findings based on his misunderstanding of the law and the misconstrued and unsubstantiated notion that the court's findings are the result of the judge's biases.

Accordingly, the court will deny Aldridge's motion for recusal of district judge and deny his request for oral argument. (ECF No. 234).

**III.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Aldridge's motion for recusal of district judge (ECF No. 234) be, and the same hereby is, DENIED.

DATED January 22, 2018.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -