UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>CLARENCE MOSES WILLIS, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-2366 JCM (GWF)<br><br>ORDER |

Presently before the court is the matter of *Federal National Mortgage Association v. Willis, et al.*, case number 2:15-cv-02366-JCM-GWF.

*Pro se* defendant Ernest C. Aldridge ("Aldridge") filed a motion for relief from final judgment pursuant to FRCP 60(b)(3)-(4) (ECF No. 265) and a motion to stay the execution of final judgment pending appeal (ECF No. 267).

Aldridge asserts four grounds for Rule 60(b)(3)-(4) relief: (1) Fannie Mae is not a real party in interest because Fannie Mae did not stamp its filings with its corporate seal; (2) Aldridge was denied due process because the court prevented Aldridge from learning Fannie Mae's true identity and never ruled on its jurisdiction over the matter[1], because he was not permitted to present evidence, and because his request for a hearing on Fannie Mae's *lis pendens* was denied; (3) the judgment was a product of fraud because Fannie Mae was not a proper plaintiff and because it is based on facts not in evidence; and (4) final judgment was improper because there were pending motions before the court at the time the judgment was entered. (ECF No. 265).

---

[1] The court has explicitly asserted its jurisdiction in numerous orders. *See* (ECF Nos. 114, 131, 185, 222, 243)

**James C. Mahan**
**U.S. District Judge**

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that the court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Further, Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The court acknowledges that Aldridge's motions were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

"Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Here, Aldridge has failed to set forth any basis upon which granting relief from final judgment would be appropriate. (ECF No. 265). He has failed to set forth any controlling law or new facts. Instead, Aldridge reiterates many of the same arguments he and his co-defendant, Clarence Willis, have previously raised and that have been repeatedly rejected by this court. Thus, the court will deny his motion for relief from judgment.

In addition, Aldridge has failed to provide a memorandum of points and authorities in support of his motion to stay execution of final judgment pending appeal. (ECF No. 267). Under the local rules, failure to provide a memorandum of points and authorities constitutes consent to

James C. Mahan
U.S. District Judge

the denial of the motion. *See* LR 7-2(a), (d). Therefore, Aldridge has consented to the denial of their instant motions.

Further, the court has previously admonished Aldridge for failing to support his motions with points and authorities. *See* (ECF No. 175). Accordingly, the court will deny Aldridge's motion to stay execution of final judgment pending appeal for failure to comply with the Local Rules.

Accordingly,

IT IS HEREBY ORDERED that Aldridge's motions (ECF Nos. 265, 267) be, and the same hereby are, DENIED.

No further motions will be considered in this case.

DATED July 2, 2018.

                                             UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**