UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ERNEST C. ALDRIDGE; CLARENCE MOSES WILLIS; GERI L. MCKINNON; CREATIVE SOLUTIONS 4 U LLC, and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:15-cv-02366-JCM-GWF<br><br>ORDER |

　　　　Presently before the court is plaintiff Federal National Mortgage Association's ("Fannie Mae") emergency motion for an order to show cause why the court should not hold pro se defendants Ernest C. Aldridge and Clarence Moses Willis in civil contempt. (ECF No. 285).

**I.　　BACKGROUND**

　　　　Fannie Mae brought this case to stop defendants' scheme to defraud it of its interests in Nevada properties. (TRO Order, ECF No. 19 at 2). Fannie Mae would acquire an ownership interest in a property with a trustee's deed upon sale. (*Id.*). Willis, purportedly acting as Fannie Mae's agent, would convey the property to Aldridge via quitclaim deed. (*Id.*). Aldridge would then record and re-record each quitclaim deed. (*Id.*). Neither Willis nor Aldridge were ever employees, agents, or authorized representatives of Fannie Mae. (*Id.*).

The court entered final judgment for Fannie Mae in April 2018 which the Ninth Circuit affirmed on appeal. (J., ECF No. 264; Mem., ECF No. 278). The final judgment declared Fannie Mae the true and lawful owner of the eight subject properties. (ECF No. 264 at 2). It also declared that all conveyances executed by Willis and Aldridge were void ab initio and all related instruments were expunged. (*Id.* at 3). The court permanently enjoined Willis from conveying or selling any property owned by Fannie Mae. (*Id.* at 4). The court also awarded Fannie Mae $103,000 in punitive damages for Willis's fraudulent use of its name on business licenses and permits in violation of 12 U.S.C. § 1723a(e). (*Id.* at 5).

Now almost three years later, Fannie Mae says that Willis and Aldridge still hold themselves out to be owners of a subject property. (ECF No. 285). In December 2020, Willis executed and recorded a quitclaim deed purportedly conveying title to the property at 330 Garden Lane, Fernley, NV 89408 from himself individually to the 330 Garden Lane Trust of which he is the trustee. (ECF No. 285-5). According to Fannie Mae, the conveyance is "an attempt to veil his continued claim to ownership and to resuscitate the fabricated chain of title this [c]ourt declared void ab initio." (ECF No. 285 at 4).

Fannie Mae also "has been advised by two independent sources" that Willis and Aldridge are trying to sell the 330 Garden Lane property. (Sassi Decl., 287-7 at 1). Fannie Mae offers a declaration from a buyer who says that she called the phone number on the property's for-sale sign and spoke to Aldridge. (Simmons Decl., ECF No. 285-6). The buyer later met with Aldridge where he explained that he was showing the property on behalf of Willis who had "clear deed" to the property. (*Id.* at 3). He laughed off the Lyon County records showing Fannie Mae as the owner as an error. (*Id.*). The buyer decided not to procced with the purchase. (*Id.*). In addition, the real estate agent retained by Fannie Mae to retake possession and sell the property says that he saw a for-sale sign during his weekly inspection in January 2021. (Ashton Decl., ECF No. 285-4 at 3).

Fannie Mae asks the court to hold Willis and Aldridge in contempt and remand them to custody until they vacate the property and deliver possession to Fannie Mae, remove their personal property, remove any for-sale signs, and remove any sale advertisements. (ECF No.

285 at 7–8). It believes that "imprisonment is necessary to compel compliance" as a fine would only encourage Willis and Aldridge to accelerate their sale efforts. (*Id.* at 7).

## II.   LEGAL STANDARD

The court has "wide latitude in determining whether there has been a contemptuous defiance of its order." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (quoting *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984) (internal quotation marks omitted)). The moving party must show by clear and convincing evidence that the contemnor violated "a specific and definite order of the court." *Id.* at 856 n.9. The burden then shifts to the contemnor to show that he "took every reasonable step to comply." *Id.* The moving party need not show that the contemnor's non-compliance was intentional and there is no good-faith exception that can excuse non-compliance. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

Civil contempt may be disciplined by fines, imprisonment, or both. 18 U.S.C. § 401. Because civil contempt sanctions are non-punitive, they "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *United States v. Ayres*, 166 F.3d 991, 995 (1999) (quoting *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 831 (1994)). "A civil contemnor 'carries the keys of his prison in his own pocket' " because courts impose civil contempt sanctions to compel compliance. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911)). The court can also wield its civil contempt powers to compensate the moving party for injuries or costs from the contemptuous conduct. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016).

## III.   DISCUSSION

### A.   Emergency Motion

As an initial matter, Fannie Mae styles this matter as an emergency. Emergency motions should be rare. LR 7-4(b). They impose administrative burdens and impede the adversarial process. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). A matter is, in fact, an emergency when the moving party will be "irreparably

3

prejudiced" if the court resolves the motion on a normal briefing schedule and is "without fault in creating the crisis that requires emergency relief" or can show excusable neglect. *Id.* at 1142; *see also* LR 7-4(c). Local Rule 7-4(a) sets forth the requirements for a declaration that must accompany an emergency motion. These requirements are satisfied here. (*See* Sassi Decl., ECF No. 285-7).

Proceeding in this matter on an emergency basis is unwarranted. The court is not convinced that the actions of Willis and Aldridge "present a clear and immediate danger to the general public" as Fannie Mae claims. (ECF No. 285-7 at 1). After all, the official records of Lyon County show Fannie Mae as the true owner of the property. (ECF No. 285-1). And any purported sale to an unsuspecting buyer would not cause *irreparable* prejudice to Fannie Mae. Yet the court will not deny Fannie Mae's motion for its emergency label.[1] Given the merits and gravity of Fannie Mae's requested sanction—imprisonment—the court will afford defendants ample time and opportunity to comply with its orders.

### B. Request for a Show-Cause Order

The court now turns to Fannie Mae's request for a show-cause order. Fannie Mae has shown by clear and convincing evidence that Willis and Aldridge are defying the court's final judgment. Above all, it offers a recorded quitclaim deed which purportedly conveys the 330 Garden Lane property from Willis individually to the 330 Garden Lane Trust of which he is the trustee. (ECF No. 285-5). These actions violate the judgment which declared Fannie Mae the true and lawful owner of the property and enjoined Willis from conveying or selling any property owned by Fannie Mae. (ECF No. 264 at 4). Fannie Mae also offers clear and convincing evidence that Aldridge is acting on Willis's behalf in trying to sell the property.[2] (ECF No. 285 at 2). For these reasons, Willis and Aldridge are ordered to show cause why the court should not hold them in contempt and impose appropriate civil sanctions.

---

[1] As Judge Dorsey succinctly surmised in denying an improvident emergency motion: "You keep using that word. I do not think it means what you think it means." *United Nat'l Ins. Co. v. Assurance Co. of Am. & Maryland Casualty Co.*, 2014 WL 4960915, *1 (D. Nev. June 4, 2014) (quoting Inigo Montoya from *The Princess Bride* (Act III Communications 1987)).

[2] The court notes, however, that the permanent injunction in the judgment only applies to Willis and not Aldridge. (ECF No. 264 at 4).

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Fannie Mae's emergency motion for an order to show cause (ECF No. 285) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Aldridge, Willis, and counsel for Fannie Mae must appear for a show-cause hearing on Friday, March 19, 2021, at 11:00am in Courtroom 6A, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada.  Aldridge and Willis must show cause as to why the court should not hold them in civil contempt.

IT IS FURTHER ORDERED that counsel for Fannie Mae must serve a copy of this show-cause order on Willis and Aldridge and file proof of service as soon as practicable.

DATED THIS 11th day of March 2021.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE