UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FED. NAT'L MORTG. ASS'N,<br><br>　　　　　　Plaintiff,<br>　v.<br>ERNEST C. ALDRIDGE, *et al.*,<br>　　　　　　Defendants. | Case No. 2:15-cv-02366-MMD-EJY<br><br>ORDER |
| AND ALL RELATED CASES | |

**I.　SUMMARY**

The Court has a very simple message for *pro se* Defendants Ernest C. Aldridge and Clarence Moses Willis: if you do not carefully follow the instructions in this order, the Court will issue a warrant for your arrest. Plaintiff Federal National Mortgage Association ("Fannie Mae") filed this case to quiet title to nine properties it owns. (ECF No. 1.) Fannie Mae won (ECF No. 264), the Ninth Circuit Court of Appeals affirmed (ECF No. 278), but nonetheless Defendants—particularly Aldridge and Willis—have persisted in a fraudulent, vexatious, contemptuous, and frivolous course of conduct, disobeying court orders, filing new frivolous cases, failing to appear for hearings, and continuing to try to sell properties that United States District Judge James C. Mahan has already declared Fannie Mae owns. The Court consolidated several related cases (now called member cases) into this earliest filed case. (ECF No. 312.) This order addresses several pending motions in this case, along with several pending motions in the member cases. More than anything, however, this order is Aldridge and Willis' last chance to permit these related cases to be brought to a resolution before the Court issues a warrant for their arrest.

///

///

## II.     BACKGROUND

To start, the Court incorporates by reference the Final Judgment Judge Mahan issued, which lists the properties Fannie Mae owns, invalidates and expunges various fraudulent recorded instruments prepared by Aldridge and Willis, invalidates any purported property rights stemming from those instruments, invalidates various fraudulent business licenses and permits held by Willis, and states that Fannie Mae is entitled to $103,300 in punitive damages from Willis. (ECF No. 264 ("Judgment").) The Court will refer to the properties listed in the Judgment in this order as the Judgment Properties.

The Ninth Circuit fully affirmed the Judgment. (ECF No. 278.) There is no record on the docket that a writ of certiorari was ever filed, much less granted. The Judgment is accordingly final. Among other findings, the Ninth Circuit noted that this Court properly has diversity jurisdiction over this case (*id.* at 2), noted that Fannie Mae is deemed a District of Columbia corporation by federal statute for jurisdictional purposes (*id.* at 4) and rejected as meritless Aldridge's argument that Judge Mahan "erred by entering final judgment while his motion to dismiss for lack of subject matter jurisdiction was still pending[.]" (*Id.*) The Ninth Circuit also noted, "[t]o the extent that Willis challenges the district court's orders denying his motions to dismiss for lack of subject matter jurisdiction, the district court properly denied his motions to dismiss because the requirements for diversity jurisdiction were met." (*Id.* at 5.)

In March 2021, Fannie Mae filed an emergency motion for an order to show cause in this case as to why Aldridge and Willis should not be held in contempt of court for violating the Judgment. (ECF No. 285.) Judge Mahan granted that motion, finding that Aldridge and Willis were holding themselves out as the owners of one of the Judgment Properties, in Fernley, and trying to sell it to unsuspecting buyers. (ECF No. 287 at 1-4.) Judge Mahan accordingly ordered Aldridge and Willis to show cause why he should not hold them in contempt. (*Id.* at 4-5.) Judge Mahan set a show cause hearing. (*Id.* at 5.)

Aldridge and Willis did not appear at the show cause hearing. (ECF No. 294.) Judge Mahan thus adjudged them in contempt of court and directed Fannie Mae's

counsel to prepare a proposed order for his review explaining his contempt finding that he made at the show cause hearing. (*Id.*)

While Fannie Mae filed the proposed order Judge Mahan ordered it to (ECF No. 296), Judge Mahan did not sign the proposed order before deciding to recuse from the case because the Judgment Property Willis and Aldridge was trying to sell—and was accordingly the focus of the contempt proceedings—is located in Fernley (ECF No. 300). Judge Mahan accordingly ordered this case reassigned to a Reno judge. (*Id.*) The case was subsequently assigned to the Court. (ECF No. 309.)

Meanwhile, Fannie Mae had filed one of the now pending motions in this case: another motion for an order to show cause why the Court should not hold Aldridge and Willis in contempt for violating the Judgment. (ECF No. 304 ("Contempt Motion").) Fannie Mae argues in the Contempt Motion that Willis and Aldridge continue to challenge Fannie Mae's ownership of three of the Judgment Properties (two in Las Vegas in addition to the one in Fernley) in violation of the Judgment. (*Id.* at 1-2.) And Fannie Mae further argues that Willis and Aldridge have recorded additional fraudulent instruments on the property in Fernley even since Judge Mahan found them in contempt of court. (*Id.* at 2.) Willis and Aldridge filed responses to the Contempt Motion (ECF Nos. 305, 306), and Fannie Mae filed a reply (ECF No. 307).

More recently, Willis filed a motion that he titled a motion to remand to state court and/or a statement that he does not consent to federal jurisdiction. (ECF No. 315.) That motion is also currently pending.[1] In that motion, Willis appears to argue that he was not properly served with a notice of removal of a state court case regarding the property in Fernley, does not consent to the jurisdiction of this Court, and would apparently like any dispute about the Fernley property remanded to state court. (*Id.*) Willis then proceeded to file two notices of related cases indicating that there are pending state court cases regarding two of the Judgment Properties (the Fernley property and one of the Las Vegas properties). (ECF Nos. 316, 317.)

---

[1] Fannie Mae filed a response. (ECF No. 319.)

In sum, there are two pending motions in this case. The Court addresses them in the Discussion section below. In addition, and as noted at the outset, the Court consolidated three member cases into this case after this case was reassigned to it. (ECF No. 312.) Those cases are *Aldridge v. Fed. Nat'l Mortg. Ass'n, et al.*, Case No. 2:21-cv-01816-MMD-EJY (D. Nev. Filed Sept. 30, 2021) (the "*Homeria Case*"), *Aldridge v. Fed. Nat'l Mortg. Ass'n, et al.*, Case No. 2:21-cv-01913-MMD-EJY (D. Nev. Filed Oct. 18, 2021) (the "*Canadian Case*"), and *Aldridge v. Fed. Nat'l Mortg. Ass'n, et al.*, Case 3:21-cv-00485-MMD-CLB (D. Nev. Filed Nov. 17, 2021) (the "*Garden Case*"). (ECF No. 312.) The Court's consolidation order closed the member cases but did not address the pending motions in each case. (*Id.*)

There are four pending motions in the *Homeria Case*, four pending motions in the *Canadian Case*, and one pending motion in the *Garden Case*. This order will also resolve the pending motions in these member cases.

The Court now briefly describes the member cases and the pending motions therein. The *Homeria Case* is about one of the Judgment Properties: 5373 Homeria St., Las Vegas, NV. (ECF No. 264 at 2.) *See also Homeria Case*, ECF No. 1-1 at 2. In the *Homeria Case*, Aldridge seeks to quiet title to 5373 Homeria St., Las Vegas, NV in his favor based on a quitclaim deed with the instrument number 20151012-0003374. *See id.* Judge Mahan declared that same quitclaim deed invalid in the Judgment.[2] (ECF No. 264 at 3.)

The *Canadian Case* is also about one of the Judgment Properties: 4912 Canadian Drive, Las Vegas, NV. (*Id.* at 2.) *See also Canadian Case*, ECF No. 1-1 at 2; *see also* ECF No. 9 (amended complaint that only adds parties). In the *Canadian Case*, Aldridge seeks to quiet title to 4912 Canadian Drive, Las Vegas, NV in his favor based on a quitclaim deed with the instrument number 20150721-0002200. *See* ECF No. 1-1 at 3.

---

[2]Aldridge also previously filed a different quiet title action about this property in state court, but Fannie Mae won a judgment of dismissal, successfully arguing that case was issue precluded by the Judgment. (ECF No. 304 at 4.)

Judge Mahan declared that same quitclaim deed invalid in the Judgment.³ (ECF No. 264 at 3.)

The *Garden Case*, too, is about one of the Judgment Properties: 330 Garden Lane, Fernley, NV. (*Id.* at 2-3.) *See also Garden Case*, ECF No. 1-1 at 2-3. In the *Garden Case*, Aldridge seeks to quiet title to 330 Garden Lane, Fernley, NV in his favor based on a Grant Deed with Document Number 645910. *See id.* at 4. Judge Mahan does not mention a Grant Deed with that number in the Judgment but did invalidate two other purported instruments recorded against 330 Garden Lane, Fernley, NV. (ECF No. 264 at 4.) 330 Garden Lane, Fernley, NV is also the Fernley property that has become the focus of the contempt proceedings in this case, as described above. Fannie Mae argues in the Contempt Motion—supported by exhibits⁴—that Aldridge's recording of the Grant Deed with Document Number 645910 is further evidence of his contempt of court and violates the Judgment. (ECF No. 304 at 7-8.)

In each of the three member cases, Fannie Mae has filed at least one motion to dismiss arguing that the member cases are precluded by the Judgment—and those motions are pending. *See Homeria Case*, ECF No. 10; *Canadian Case*, ECF Nos. 5, 13; *Garden Case*, ECF No. 5. In the *Homeria Case*, Fannie Mae also filed a pending motion for sanctions. *See Homeria Case*, ECF No. 13. And Aldridge filed two pending motions to remand. *See id.*, ECF Nos. 9, 16. In the *Canadian Case*, Fannie Mae also filed a pending motion for sanctions. *See Canadian Case*, ECF No. 12. And Aldridge filed two

---

³³Aldridge also previously filed another quiet title action about this property in state court, but Fannie Mae won a judgment of dismissal, successfully arguing that case was claim precluded by the Judgment. (ECF No. 304 at 4.)

⁴Fannie Mae requests the Court take judicial notice of the court records and publicly recorded documents it has submitted as exhibits. (ECF No. 304 at 8.) The Court grants the request, and takes judicial notice of ECF Nos. 304-1, 304-2, 304-3, 304-4, 304-5, 304-6, 304-7, 304-8, 304-9, and 304-10. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (taking judicial notice of documents on file in federal court and noting that a court may take judicial notice of documents on file in state or federal court); *see also Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 967 n.1 (9th Cir. 2017) (taking judicial notice of "publicly-recorded documents").

pending motions to remand. *See id.*, ECF Nos. 10, 17. No other motions beyond Fannie Mae's motion to dismiss are pending in the *Garden Case*.

**III.    DISCUSSION**

The Court briefly explains its resolution of the pending motions in each of the member cases, and then explains its resolution of the pending motions in this case, along with the next steps in this case.

**A.    Member Cases**

Because the Court finds that the analysis is essentially the same as to each of the three, the Court addresses all three of the member cases together. The Court finds all three of the cases alternatively barred by claim or issue preclusion. The Court will accordingly grant Fannie Mae's pending motions to dismiss and deny the other pending motions as moot. The Court further denies the sanctions motions Fannie Mae filed in the member cases because the Court will address Willis and Aldridge's sanctionable conduct in the context of the contempt proceedings in this case.

**1.    Claim Preclusion**

Claim preclusion bars a later-filed lawsuit when "the earlier suit ... (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted). To determine whether the two cases involve the same claim or cause of action, the Court must consider: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Id.* (citation omitted).

The doctrine of claim preclusion bars the member cases. As to whether they involve the same claim, and as described *supra* in Section II, Aldridge is trying to quiet title to three of the Judgment Properties in his favor in the member cases. The member

6

cases accordingly arise out of the same transactional nucleus of facts. Moreover, were Aldridge to somehow prevail in the member cases, Fannie Mae's rights in the Judgment Properties as obtained in the Judgment would be destroyed or impaired. While the term 'infringement' may not be a perfect fit for these cases, both this case and the member cases are quiet title actions attempting to establish that only one party owns three of the Judgment Properties. Finally, substantially the same evidence is presented in the member cases as compared to this case. As also described *supra* in Section II, in two of the three member cases (*Homeria Case* and *Canadian Case*), Aldridge is attempting to use the very recorded instruments deemed fraudulent and invalid in the Judgment as the basis for his ownership claim. And in the *Garden Case*, Aldridge relies on a recorded instrument that Judge Mahan already found contemptuous of court to establish his title to the Garden property in Fernley. *See id.* In sum, the member cases involve the same claims already resolved by the Judgment in this case.

Turning to the second factor, the Judgment is a final judgment on the merits. *See id.*

As to the third factor, each of the cases at least involve privies. To start, Aldridge and Fannie Mae are parties to both cases. Further, again comparing this case to each of the member cases, both seek or sought to quiet title in only one party's favor. Accordingly, the other parties to each of the cases are privies because they are people or entities who might have some interest in the Judgment Properties, but do not because of the Judgment—which has already definitively established that Fannie Mae owns each of the Judgment Properties.

All three claim preclusion factors therefore compel the finding that the member cases are barred by the doctrine of claim preclusion.

### 2. Issue Preclusion

The doctrine of issue preclusion bars litigation of a "question, issue, or fact when four conditions are met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and

7

fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), *as amended* (May 3, 2012).

The doctrine of issue preclusion also bars litigation of the central issue in each of the member cases: ownership of the Judgment Properties. Again as described *supra* in Section II, each of the three member cases seeks to quiet title in three of the Judgment Properties—the same issue already resolved in the Judgment in this case, where Judge Mahan declared that Fannie Mae (not anyone else, including Aldridge) owns the Judgment Properties. The issue of who owns the Judgment Properties was actually litigated and decided in the Judgment—and Aldridge and Willis unsuccessfully appealed it to the Ninth Circuit. That also speaks to the third factor. Aldridge and Willis had a full and fair opportunity to litigate who owned the Judgment Properties. Finally, the issue of ownership of the Judgment Properties was necessarily decided in the Judgment because Fannie Mae sought (and of course successfully obtained) a declaration that it was the sole owner of the Judgment Properties.

Because all four factors weigh in favor of also finding the member cases barred by the doctrine of issue preclusion, the Court alternatively finds that all three member cases are barred under that doctrine. And as the Court has found that all three member cases are barred on two independent grounds, the Court accordingly grants Fannie Mae's motions to dismiss in each of the member cases and denies the other pending motions in the member cases as moot.

### B. This Case

To start, the Court reiterates that Judge Mahan already found Willis and Aldridge in civil contempt of court. (ECF No. 294.) Thus, the question before the Court is not whether Willis and Aldridge are in contempt of court, but what to do about it. The Court accordingly instructs Willis and Aldridge to read on, paying particular attention to the Conclusion section of this order. Willis and Aldridge: this is your last chance to change course and bring all matters regarding the Judgment Properties to resolution in Fannie Mae's favor before the Court orders your arrest to compel your compliance and considers

1  making you liable for substantial, additional sums of money corresponding to fees and
2  costs Fannie Mae has expended on this litigation since the Judgment issued.
3        Next, Willis' pending motion to remand (ECF No. 315) is denied as frivolous. The
4  Ninth Circuit explicitly considered and rejected essentially the same arguments Willis
5  raises in that motion. (ECF No. 278 at 5.)
6        The Court accordingly turns to Fannie Mae's pending motion for an order to show
7  cause (ECF No. 304), in which Fannie Mae also points out that Judge Mahan did not sign
8  its proposed contempt order before this case was reassigned (*id.* at 7, 7 n.35). In the
9  motion, Fannie Mae argues that Aldridge and Willis remain in contempt of court because
10 they continue to ignore the Judgment, and to the contrary, hold themselves out as owners
11 of the Judgment Properties, continue to record fraudulent instruments against the
12 Judgment Properties, and file frivolous lawsuits about them. (*Id.* at 9.) Fannie Mae
13 accordingly requests the Court issue a contempt order containing certain provisions. (*Id.*
14 at 9-11.)
15       Though Aldridge and Willis did not appear at the last contempt show cause hearing
16 Judge Mahan held (ECF No. 294), they both filed responses to Fannie Mae's motion (ECF
17 Nos. 305, 306). This indicates to the Court that Aldridge and Willis are aware of the
18 proceedings in this case but are willfully ignoring the Judgment and disobeying the Court's
19 orders.
20       In Willis' response, he appears to argue that he did not receive proper notice of
21 Fannie Mae's prior motion for an order to show cause, which excused his appearance
22 from the show cause hearing. (ECF No. 305 at 4.) Not so. Willis is in contempt of court
23 because he did not appear at that hearing. But in any event, the Court will direct that a
24 copy of this order be mailed to Willis by certified mail so he is aware of the upcoming
25 show cause hearing the Court will hold to coerce him to begin complying with the Court's
26 orders and respecting the Judgment.
27       Willis otherwise states that he understands this Court no longer has jurisdiction
28 over this case because a state court case was filed about the 330 Garden Lane property

in Fernley. (*Id.* at 4-5.) Willis' understanding is incorrect. As Judge Mahan and the Ninth Circuit have already explained to Willis, this Court has jurisdiction over this case. The filing of a state court case about one of the Judgment Properties does not divest this Court of jurisdiction. Moreover, Willis has been told his understanding about this Court's jurisdiction is incorrect enough times in this case that continuing to raise the argument also shows Willis' contempt of court.

In Aldridge's response, he first argues he is not subject to the Judgment because he is not mentioned in it. (ECF No. 306 at 1-2.) Aldridge is simply incorrect: he is mentioned in the Judgment. (ECF No. 264 at 1.) The Judgment applies to him. Moreover, as explained above, Aldridge continues to argue he owns the Judgment Properties including by filing the member cases. By filing the member cases, Aldridge ignored the Judgment and demonstrates his contempt of court.

Aldridge otherwise contests this Court's jurisdiction over this case (ECF No. 306 at 2), but like Willis, Aldridge's jurisdictional argument has already been rejected several times, including by the Ninth Circuit. (ECF No. 278.) Aldridge must begin respecting the Judgment and complying with the Court's orders.

To further reiterate to Willis and Aldridge, the question of who owns the Judgment Properties was already definitively resolved in the Judgment. (ECF No. 264.) Fannie Mae owns the Judgment Properties. (*Id.*) Any actions to somehow establish that a person or entity other than Fannie Mae owns the Judgment Properties violate the Judgment and evidence contempt of court. Filing more lawsuits about the Judgment Properties, in any court, will not change the fact of Fannie Mae's ownership, but will only provide further evidence of contempt of court. In addition to Aldridge filing the frivolous member cases and similar cases in state court continuing to contest ownership of the Judgment Properties (as described throughout this order), Aldridge and Willis signed documents purporting to convey interests in the 330 Garden Lane property in Fernley between themselves and entities they control after the Judgment issued. (ECF Nos. 285-5, 304-9, 304-10.) These documents cannot be reconciled with the Judgment and are accordingly

null and void. And as noted, the fact that Aldridge and Willis recorded these documents further demonstrates their contempt of court. Fannie Mae's motion (ECF No. 304) is accordingly granted.

The Court now draws upon its civil contempt power to attempt to compel Aldridge and Willis to begin respecting the Judgment, and accordingly drop all of their claims to the Judgment Properties and ensure Fannie Mae can sell the Judgment Properties without further interference from Aldridge and Willis. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628-30 (9th Cir. 2016) (explaining that federal courts' civil contempt power allows them to fashion remedies to coerce compliance with their orders); *Uphaus v. Wyman*, 360 U.S. 72, 81 (1959) (stating that a federal court may imprison someone to compel compliance with court orders provided that the person is released if and when they comply with the court order or orders). To do this, the Court sets a show cause hearing, and orders Aldridge and Willis to perform certain actions between now and the hearing. If Aldridge and Willis complete these actions before the hearing, Fannie Mae may ask the Court to vacate the show cause hearing. If they do not, the Court will issue a warrant for Aldridge and Willis's arrest. Upon arrest, the Court will then imprison them only until they complete the actions specified in the Conclusion section below. If Aldridge and Willis do not appear at the show cause hearing, the Court will also order their arrest. The Court further reserves the right to subject Willis and Aldridge to escalating monetary sanctions as described below if even the threat of imprisonment and/or imprisonment is insufficient to convince them to begin respecting the Judgment.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

It is therefore ordered that the *Homeria Case*, Case No. 2:21-cv-01816-MMD-EJY, is alternatively barred by the doctrines of claim and issue preclusion. Fannie Mae's pending motion to dismiss that case (ECF No. 10) is granted. The other pending motions (ECF Nos. 9, 13, 16) are denied. The Clerk of Court is directed to enter judgment in Fannie Mae's favor in the *Homeria Case* in accordance with this order and keep it closed.

It is further ordered that the *Canadian Case*, Case No. 2:21-cv-01913-MMD-EJY, is alternatively barred by the doctrines of claim and issue preclusion. Fannie Mae's pending motion to dismiss the amended complaint in that case (ECF No. 13) is granted. The other pending motions (ECF Nos. 5, 10, 12, 17) are denied. The Clerk of Court is directed to enter judgment in Fannie Mae's favor in the *Canadian Case* in accordance with this order and keep it closed.

It is further ordered that the *Garden Case*, Case No. 3:21-cv-00485-MMD-EJY, is alternatively barred by the doctrines of claim and issue preclusion. Fannie Mae's pending motion to dismiss that case (ECF No. 5) is granted. The Clerk of Court is directed to enter judgment in Fannie Mae's favor in the *Garden Case* in accordance with this order and keep it closed.

**It is further ordered that Willis and Aldridge are, and remain, in contempt of Court.**

It is further ordered that Fannie Mae's motion for an order to show cause in this case (ECF No. 304) is granted as specified herein.

It is further ordered that Willis' motion to remand in this case (ECF No. 315) is denied.

It is further ordered that the following recorded documents regarding 330 Garden Lane, Fernley, Nevada are void *ab into* and are hereby expunged: QuitClaim Deed, recorded on December 21, 2020, as Document No. 627159; Grant Deed, recorded on March 18, 2021, as Document No. 633158; and Grant Deed, recorded on October 12, 2021, as Document No. 645190.

///

It is further ordered that Willis and Aldridge must show cause why the Court should not issue a warrant for their arrest as an escalating sanction for their continued contempt of Court at an in person hearing on Thursday, May 19, 2022, at 11:00 a.m. in Courtroom 5 of the Bruce. R. Thompson Federal Courthouse located at 400 S. Virginia St. Reno, NV 89501. (ECF No. 318.)

It is further ordered that, if Willis or Aldridge do not appear at the show cause hearing mentioned above, the Court will immediately issue a warrant for their arrest.

It is further ordered that Willis and Aldridge must do the following between the date of entry of this order and the show cause hearing:

1. Deliver possession of the real property located 330 Garden Lane, Fernley, Nevada, 89408 to Fannie Mae, ensuring that it is free of all persons and personal property, that any and all signage indicating that the property is for sale or lease are removed, and that any and all advertisements indicating the property is for sale or lease are removed.
2. Do the same for all of the other Judgment Properties.
3. Take the necessary steps to have any and all interests recorded by Aldridge and Willis on the Judgment Properties not already expunged by the Judgment or this order expunged from property records.
4. Obtain voluntary dismissals of any and all lawsuits filed by Aldridge or Willis and still pending regarding the Judgment Properties.
5. Sign and deliver to Fannie Mae's counsel a written document prepared by Fannie Mae's counsel stating that Aldridge and Willis have, and will in perpetuity, relinquish any and all existing interests in the Judgment Properties, and cease and desist from contesting Fannie Mae's ownership of the Judgment Properties.

It is further ordered that if Willis and Aldridge complete all of the tasks enumerated above between now and the show cause hearing, Fannie Mae must file a written notice with the Court asking that the show cause hearing be vacated.

///

It is further ordered that, if Willis and Aldridge do not complete all of the tasks enumerated above between now and the show cause hearing, the Court may have them arrested at the conclusion of the show cause hearing. Upon arrest, the Court will then imprison them only until they complete the tasks enumerated above.

It is further ordered that, if Willis and Aldridge do not complete all of the tasks enumerated above between now and the show cause hearing or fail to appear for the show cause hearing, the Court may subsequently permit Fannie Mae to enter onto any of the Judgment Properties, secure them, and remove any persons, personal property, and for-sale/for-lease signage in accordance with this order.

It is further ordered that, if Willis and Aldridge do not complete all of the tasks enumerated above between now and the show cause hearing or fail to appear for the show cause hearing, the Court may order that Willis and Aldridge are jointly and severally liable for all of Fannie Mae's attorneys' fees and costs incurred in litigating any and all issues related to the Judgment Properties that post-date the Judgment and are not part of the direct appeal of the Judgment.

It is further ordered that, if Willis and Aldridge do not complete all of the tasks enumerated above between now and the show cause hearing or fail to appear for the show cause hearing, the Court may order that Willis and Aldridge are jointly and severally liable for all of Fannie Mae's costs it incurs to take possession of the Judgment Properties or remove any persons or personal property from them, if necessary and upon Fannie Mae's request.

The Clerk of Court is directed to mail copies of this order to *pro se* Defendants Aldridge and Willis by certified mail with return receipt requested.

DATED THIS 15th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE