UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FED. NAT'L MORTG. ASS'N,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>ERNEST C. ALDRIDGE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:15-cv-02366-MMD-EJY<br><br>ORDER |

Plaintiff Federal National Mortgage Association ("Fannie Mae") filed this case to quiet title to nine properties it owns. (ECF No. 1.) Fannie Mae won (ECF No. 264 ("Judgment")), and the Ninth Circuit Court of Appeals affirmed (ECF No. 278). Defendants Ernest C. Aldridge and Clarence Moses Willis are, and have been, in contempt of Court. (ECF Nos. 294, 299, 320, 341, 350, 351.) Before the Court is Fannie Mae's motion to expunge two notices of lis pendens filed by Aldridge. (ECF No. 354 ("Motion").) As further explained below, the Court will grant the Motion.

In pertinent part, the Judgment specifies that Fannie Mae owns properties including the properties located at: 5373 Homeria Street, Las Vegas, Nevada 89113 ("Homeria Property") and 330 Garden Lane, Fernley, Nevada 89408 ("Garden Property"). (ECF No. 264 at 2-3.) As noted, the Judgment was affirmed on appeal. (ECF No. 278.)

Despite this, Aldridge filed cases to quiet title in his favor as to the two properties that Fannie Mae removed to this Court. (ECF No. 354 at 4-5 (describing these proceedings).) The Court subsequently dismissed both of these cases. (ECF No. 320.)

The two notices of lis pendens that Fannie Mae moves to expunge are based on these two cases that the Court has already dismissed. (ECF Nos. 320, 354-1, 354-2.) Fannie Mae accordingly moves to have these two notices of lis pendens expunged under

NRS § 14.015(2)-(3). (ECF No. 354.) The Court agrees with Fannie Mae that these two notices of lis pendens (ECF Nos. 354-1, 354-2) must be expunged.

Under NRS § 14.015(3), Aldridge must establish to the Court's satisfaction that he is either likely to prevail in his actions regarding the Garden and Homeria Properties, or has a fair chance of success on the merits and would be harmed more than Fannie Mae if Fannie Mae sold either property, and that he would be entitled to relief affecting the title or possession of the Garden and Homeria Properties if he prevails. *See id.*; *see also JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, 200 F. Supp. 3d 1141, 1178 (D. Nev. 2016) (holding as such).

Aldridge cannot make such a showing because the Court has already dismissed the two cases purportedly providing the bases for the two notices of lis pendens. (ECF Nos. 320, 354-1, 354-2.) The Court will accordingly grant Fannie Mae's Motion. *See JPMorgan Chase Bank*, 200 F. Supp. 3d at 1178-79 ("Here, the Court has granted summary judgment in Defendants' favor on all of Chase's claims. Chase can no longer demonstrate a likelihood or a fair chance of success on the merits of its claims. SFR's motion is therefore granted and the notice of lis pendens is expunged.").

Moreover, the Court will not wait for Aldridge to file a response to the Motion before issuing this order because the fact that he filed these two notices of lis pendens provides additional support for the Court's repeated finding that he is in contempt of Court. Indeed, he recorded both of them after the Judgment was affirmed. (ECF Nos. 278 (filed Jun. 9, 2020), 354-1 (recorded Aug. 10, 2021), 354-2 (recorded Oct. 25, 2021).) Thus, at the time Aldridge filed these notices of lis pendens, he knew or should have known that he did not own the Garden and Homeria Properties, and thus that his lawsuits forming the bases of the notices of lis pendens were frivolous. Aldridge also filed both notices of lis pendens after Judge Mahan found him in contempt of Court. (ECF Nos. 294 (minutes of proceedings on Mar. 19, 2021), 299 at 8 (transcript of those proceedings where Judge Mahan found Aldridge and Willis in contempt), 354-1 (recorded Aug. 10, 2021), 354-2 (recorded Oct. 25, 2021).) In addition, Aldridge recently filed a frivolous document

1  attempting to again contest the Court's jurisdiction over this case—an issue long since
2  settled (ECF No. 278 at 2 ("The district court properly determined that the requirements
3  for diversity jurisdiction were met, as the amount in controversy was over $75,000.00 and
4  all parties were citizens of different states.")) and accusing Fannie Mae's counsel of
5  criminal conduct. (ECF No. 352.) That document contains nothing but frivolous arguments
6  for the reasons that Fannie Mae provides in its response. (ECF No. 353.) Regardless,
7  and more importantly for purposes of this order, these actions further indicate a pattern
8  of contemptuous conduct on Aldridge's part suggesting that there is no benefit to giving
9  him an opportunity to respond to Fannie Mae's Motion.

10  In addition, any response from Aldridge would be futile because it is clear he
11  cannot properly maintain the two notices of lis pendens based on cases that the Court
12  already dismissed. *See supra.*

13  To be clear, the Court expects Aldridge and Willis to appear for the continued show
14  cause hearing on October 28, 2022. (ECF No. 350.)

15  It is therefore ordered that Fannie Mae's motion to expunge lis pendens (ECF No.
16  354) is granted.

17  It is further ordered that the applicable notices of lis pendens (ECF Nos. 354-1,
18  354-2) are cancelled. *See* NRS § 14.015(5). This order has the same effect as
19  expungement of the original notice. *See id.*

20  It is further ordered that Fannie Mae must record a copy of this order with the
21  applicable county recorder for both the Garden Property and the Homeria Property.

22  It is further ordered that Fannie Mae must file a written notice of compliance with
23  this Court after it has recorded a copy of this order with the applicable county recorder for
24  both the Garden Property and the Homeria Property.

25  DATED THIS 27th Day of October 2022.

26
27  _____
28  MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE