UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FED. NAT'L MORTG. ASS'N,<br><br>                    Plaintiff,<br>        v.<br><br>ERNEST C. ALDRIDGE, *et al.*,<br><br>                    Defendants. | Case No. 2:15-cv-02366-MMD-EJY<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Federal National Mortgage Association ("Fannie Mae") filed this case to quiet title to nine properties it owns. (ECF No. 1.) Fannie Mae won (ECF No. 264 ("Judgment")), and the Ninth Circuit Court of Appeals affirmed (ECF No. 278). The Court refers to the pertinent properties herein as the Judgment Properties.[1] Defendants Ernest C. Aldridge and Clarence Moses Willis are, and have been, in contempt of Court. (ECF Nos. 294, 299, 320, 341, 350, 351, 358, 365.) The Court recently held a hearing ("the Hearing") on Fannie Mae's motions for an order to show cause why Aldridge and Willis should not be found in further contempt of Court and for corresponding sanctions (ECF No. 368) and Fannie Mae's motion to deem Willis and Aldridge vexatious litigants (ECF No. 368). (ECF No. 381 (Hearing minutes).) The Court granted both motions at the Hearing and dismissed a new case filed by Aldridge and Willis, *Willis et al. v. Federal National Mortgage Association et al.*, Case No. 3:23-cv-00379-MMD-EJY (D. Nev. Filed Aug. 2, 2023) (the "379 Case") as one of the sanctions for Aldridge and Willis' further contempt. As the Court stated it would at the Hearing, this order further explains the Court's rulings on both motions and the prefiling requirements now applicable to Aldridge and Willis because they are vexatious litigants.

---

[1]They are listed in the Judgment. (ECF No. 264 at 2-3.)

## II. BACKGROUND

To start, the Court incorporates by reference the background of this case provided in the Amended Order. (ECF No. 365 at 2-6.) Towards the end of the Amended Order, the Court wrote, "[f]iling more lawsuits about the Judgment Properties, in any court, will not change the fact of Fannie Mae's ownership, but will only provide further evidence of contempt of court." (*Id.* at 10.) The Court now summarizes the pertinent background since the Court entered the Amended Order.

Aldridge and Willis filed the 379 Case. (ECF No. 367.) The Complaint Aldridge and Willis filed in the 379 Case seeks to set aside the Judgment (entered by Judge Mahan in April 2018 in this case). (ECF No. 1 at 2 in the 379 Case.) To reiterate, Willis appealed that Judgment and the Ninth Circuit affirmed. (ECF No. 278.) In the Memorandum Disposition affirming Judge Mahan's Judgment, the Ninth Circuit wrote, "[t]he district court properly determined that the requirements for diversity jurisdiction were met, as the amount in controversy was over $75,000.00 and all parties were citizens of different states. *See* 28 U.S.C. § 1332(a) (setting forth requirements of diversity jurisdiction); 12 U.S.C. § 1717(a)(2)(B) (Fannie Mae "shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation.")." (*Id.* at 2.) Later in the same Memorandum Disposition, the Ninth Circuit wrote, "[t]o the extent that Willis challenges the district court's orders denying his motions to dismiss for lack of subject matter jurisdiction, the district court properly denied his motions to dismiss because the requirements for diversity jurisdiction were met." (*Id.* at 5.)

In response to Willis and Aldridge's filing of the 379 Case, Fannie Mae filed the motions addressed in this order, and moved to stay the 379 Case pending the Court's adjudication of Fannie Mae's motions in this case. (ECF Nos. 368, 369; *see also* ECF No. 17 in the 379 Case.) At the Hearing, the Court belatedly[2] accepted and considered Willis'

---

[2]The Court had not received any indication until shortly before and then during the Hearing that Willis and Aldridge were attempting to oppose Fannie Mae's motions, causing the Court to set various briefing schedules and grant Fannie Mae's request for an order to show cause why Willis and Aldridge should not be held in further contempt as unopposed. (ECF Nos. 370, 372, 374.)

2

responses to these motions. (ECF Nos. 376, 377, 378, 379, 380; *see also* ECF No. 381 (noting the Court's consideration of these documents).) Aldridge filed a document titled a 'counterclaim' in advance of the hearing, in which he accused the Court and Fannie Mae (and some of its agents) of violations of criminal law, and further accused the Court both of treason, and aiding and abetting Fannie Mae's purported racketeering operations— based primarily on the jurisdictional argument addressed below. (ECF No. 375.) The Court reviewed and considered this document as well. Willis, Aldridge, and Fannie Mae's counsel all attended the Hearing in person. The Court gave Willis and Aldridge opportunities to be heard on both of Fannie Mae's motions at the Hearing.

## III. DISCUSSION

The Court first addresses the issue of Willis and Aldridge's further contempt of Court, primarily in filing the 379 Case, and then explains why it finds them vexatious.

### A. Further Contempt

Willis and Aldridge do not, and did not at the Hearing, dispute that they filed the 379 Case. The gist of their Complaint in the 379 Case is that Fannie Mae originally asserted Judge Mahan had jurisdiction over this case in reliance on a Ninth Circuit case that was subsequently reversed by the Supreme Court in *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 84 (2017). (ECF No. 1 in the 379 Case.) Willis and Aldrige contend *Lightfoot* means that this Court lost jurisdiction over this case when *Lightfoot* issued.[3] (*Id.*) That is incorrect. *Lightfoot* holds that "Fannie Mae's sue-and-be-sued clause is most naturally read not to grant federal courts subject-matter jurisdiction over all cases involving Fannie Mae. In authorizing Fannie Mae to sue and be sued 'in any court of competent jurisdiction, State or Federal,' it permits suit in any state or federal court already endowed with subject-matter jurisdiction over the suit."' 580 U.S. at 93. However, the Court also noted in *Lightfoot* that, "[t]he doors to federal court remain open to Fannie Mae through diversity and federal-question jurisdiction." *Id.* at 98-99.

---

[3]This is basically the same argument that Aldridge raises in his 'counterclaim' as well. (ECF No. 375.)

The Ninth Circuit affirmed Judge Mahan's Judgment on the basis of diversity jurisdiction and rejected presumably similar jurisdictional arguments to those made in the Complaint in the 379 Case in 2020, or well after *Lightfoot* issued. (ECF No. 278 at 2, 5.) In sum, Willis and Aldridge's argument that *Lightfoot* somehow retroactively annuls the Judgment is simply incorrect.

But more importantly, the fact that Willis and Aldridge filed the 379 Case clearly violates the Court's Amended Order finding Willis and Aldridge in contempt of court, meaning they are now further in contempt of court. (ECF No. 365 at 10.) Willis and Aldridge's insistence on repeatedly challenging this Court's jurisdiction, such as by filing the 379 Case, long ago became frivolous and vexatious. Indeed, the Court has previously rejected variations of this argument ever since this case was reassigned to it. (*See, e.g.*, ECF No. 351 at 13-16 (rejecting the jurisdictional argument that Aldridge raised).)

In addition to offering the jurisdictional argument addressed above, Willis and Aldridge argued at the Hearing and in their various filings in response to Fannie Mae's most recent motions that: (1) the Court should deny Fannie Mae's motions because they did not include a subheading titled 'memorandum of points and authorities' in violation of LR 7-2; and (2) the most recent filings Fannie Mae had served on them did not have blue headers at the top listing the CM/ECF (Case Management/Electronic Case Filing) numbers corresponding to the documents. As the Court explained at the Hearing, the Court's Local Rules do not require either of these things. Fannie Mae's motions clearly contain memoranda of points and authorities, though they lack headings that say, 'Memorandum of Points and Authorities.' LR 7-2 requires nothing more. And no Local Rule requires that parties serve copies of their filings with the CM/ECF headers on them.

In terms of sanctions for Willis and Aldridge's further contempt, Fannie Mae asked for dismissal of the 379 Case filed in clear violation of the Amended Order, monetary sanctions tied to the amount of work Fannie Mae has had to do to respond to the 379 Case, and criminal contempt sanctions. The Court declines to impose criminal contempt sanctions, but agrees with Fannie Mae that the other two types of requested sanctions

are appropriate. As the Court stated at the Hearing, the Court accordingly dismissed the 379 Case with prejudice and will award Fannie Mae its reasonable fees and costs in responding to it. These sanctions are proportional and reasonably tailored to Willis and Aldridge's further contempt since the Court issued the Amended Order.

### B. Vexatious Litigants

Fannie Mae also asked the Court to declare Willis and Aldridge vexatious litigants. (ECF No. 368.) A court must approach the fact of declaring a litigant vexatious with caution and pre-filing orders to that effect "should rarely be filed." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

The Ninth Circuit has provided guidelines for courts to apply before ordering pre-filing restrictions. *Id.* at 1146-48. First, to be compliant with the requirements of due process, a court must provide the litigant with notice and "an opportunity to oppose the order before it is entered." *Id.* at 1147. Second, to ensure adequate review, a court must provide "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* Third, the district court must make "substantive findings as to the frivolous or harassing nature of the litigant's action." *Id.* at 1148 (citation omitted). Finally, a vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

Declaring Willis and Aldridge vexatious litigants is both necessary given the volume of frivolous cases they have filed about the Judgment Properties post-Judgment and appropriate under the *De Long* requirements. First, the Court gave Willis and Aldridge notice and an opportunity to be heard, both in writing and in person. (ECF Nos. 374, 381.) At the Hearing, Willis and Aldridge focused extensively on the jurisdictional and procedural arguments addressed and rejected in the contempt section above, but did not offer much argument as to why the Court should not declare them vexatious litigants. To the extent Willis and Aldridge made any substantive argument as to why the Court should not declare them vexatious litigants at the Hearing, the Court found those arguments unpersuasive.

As to the second factor, the Court incorporates by reference its Amended Order (ECF No. 365) and Fannie Mae's list of cases that Willis and Aldridge frivolously and vexatiously filed to contest ownership of the Judgment Properties and otherwise unwind the Judgment (ECF No. 368 at 3-6). And on top of all of this, Willis and Aldrige filed the 379 Case in clear violation of the Amended Order—and the 379 Case explicitly seeks to annul the Judgment. It is clear that Fannie Mae will not be free from further, baseless harassment by Willis and Aldridge regarding the Judgment Properties if the Court does not enter a vexatious litigant order imposing some prefiling requirements on Willis and Aldridge.

As to the third factor, the Court already found Aldridge and Willis' conduct frivolous and vexatious about a year ago, but declined to initiate a *sua sponte* process to declare them vexatious litigants at that time. (ECF No. 365 at 1.) Since the Court issued the Amended Order, and as recounted above, Willis and Aldridge have filed a new, frivolous case, and then only pressed frivolous arguments in response to Fannie Mae's most recent round of motions. The new case is frivolous—again, as explained above—because it contravenes the Court's Amended Order and presses a frivolous argument seeking to undo the finality of a judgment that Willis and Aldridge have repeatedly tried to frivolously annul for years after exhausting their appellate rights. *See United States v. Braunstein*, 281 F.3d 982, 995 (9th Cir. 2002) ("'frivolous' means 'groundless ... with little prospect of success; often brought to embarrass or annoy the defendant.'") (citations omitted). Indeed, the 379 Case is groundless, as were the several cases described and resolved in the Amended Order. (ECF No. 365.) And the Amended Order came after the Ninth Circuit dismissed as frivolous Aldridge's appeal of an earlier order finding Willis and Aldridge in contempt of Court. (ECF No. 340.) This further speaks to the extreme level of frivolity at issue here.

As to the fourth and final factor, the Court will narrowly tailor the prefiling requirements to any cases at all related to the Judgment Properties or the Judgment, including this Court's jurisdiction over the Judgment. It is really Aldridge and Willis'

ceaseless and groundless litigation of ownership of the Judgment Properties, and the resulting burden on Fannie Mae, that is the specific vice the Court is concerned about.[4] The Court spells out the prefiling requirements applicable to Aldridge and Willis in the Conclusion section below. Aldridge and Willis may file new cases in this district without obtaining prefiling approval if their proposed new cases in no way relate to the Judgment Properties, the Judgment, or the Court's jurisdiction over the Judgment. But Willis and Aldridge are now vexatious litigants. They must therefore attach a copy of this order to any new case they file so that the assigned judge may determine whether they are required to comply with the prefiling requirements imposed below, and if so, whether they did. If Willis and Aldridge violate the prefiling requirements described in this order, or fail to attach a copy of this order to any new cases they file, the Court will summarily dismiss any applicable new cases they file while referring back to this order.

## IV.  CONCLUSION

*To be clear, Aldridge and Willis remain in contempt of Court. Indeed, they are further in contempt of Court then they were before.*

It is therefore ordered that, and as stated at the Hearing, as sanctions for Aldridge and Willis' further contempt of Court, the Court: (a) dismissed the 379 Case with prejudice and denied the motions pending in it as moot; and (b) will award Fannie Mae its reasonable fees and costs associated with filing (ECF No. 369) in this case, along with all related briefing and appearing for the Hearing, except for fees relating to the motion to deem Willis and Aldridge vexatious litigants, and (ECF No. 17) in the 379 Case, along with all related briefing.

It is further ordered that Fannie Mae must file its affidavit for fees on or before seven days from the date of the Hearing. Fannie Mae may attach a proposed order awarding it its fees if Fanne Mae wishes. Thereafter, Willis and Aldridge have 30 days to

---

[4] Of course, all of this litigation stems from Aldridge and Willis' fraudulent scheme, which is also concerning—just not directly applicable to this vexatious litigant analysis. (ECF No. 264 at 3 (finding they engaged in a fraudulent scheme).)

respond. At the conclusion of this briefing process, the Court will enter an order granting Fannie Mae its reasonable fees and costs in line with this order.

It is further ordered that Fannie Mae's motion to deem Aldridge and Willis vexatious litigants (ECF No. 368) is granted.

The Court declares that Ernest C. Aldridge and Clarence Moses Willis are *vexatious litigants*. The Court invokes its inherent authority under 28 U.S.C. § 1651(a) to enjoin and prohibit Aldridge and Willis from filing any complaint, petition, or other document in this Court relating to either the Judgment Properties, the Judgment, or this Court's jurisdiction over the Judgment without first obtaining leave of this Court. Said otherwise, in order to file any papers in this Court that at all relate to the Judgment Properties, the Judgment, or this Court's jurisdiction over the Judgment, Aldridge and Willis must first file an application for leave to file. The application must be addressed to the Chief Judge of the District of Nevada. The application must be supported by a declaration of Aldridge and Willis stating, *under penalty of perjury*: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that Aldridge and Willis have conducted a reasonable investigation of the facts and investigation supports their claim or claims. They must also detail what that investigation consisted of in their application. In addition, a copy of this order declaring that Willis and Aldridge are vexatious litigants must be attached to any application submitted to this Court, *and any new case they file in this Court*. Failure to comply with these requirements will be sufficient grounds for summary denial of an application, and for summary dismissal of any new cases Aldridge and Willis file without complying with these requirements.

///

///

///

///

///

     The Clerk of Court is directed to file a copy of this order in *Willis et al. v. Federal National Mortgage Association et al.*, Case No. 3:23-cv-00379-MMD-EJY (D. Nev. Filed Aug. 2, 2023). That case will remain closed.

     DATED THIS 26th Day of September 2022.

 

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE